■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ACTON, Appellant.—Casey, J. Appeal from a judgment of the County Court of Sullivan County (Traficanti, Jr., J.), rendered February 3, 1988, convicting defendant following a nonjury trial of the crimes of assault in the second degree and operating a motor vehicle while under the influence of alcohol, and the offense of leaving the scene of a property damage accident.

On December 13, 1986, at about midnight, defendant and two of his friends were drinking at the Station Bar in the Town of Liberty, Sullivan County. The bartender refused to serve defendant after that time since he appeared intoxicated.

Shortly after defendant left the bar at about 1:00 A.M., he returned and slapped a woman whom he had met earlier and who refused to leave with him. The incident prompted several of the patrons to follow defendant outside to prevent any further trouble. Defendant backed his station wagon into a vehicle that was being driven past the bar by Beverly McKay and in which her sister-in-law was a passenger. McKay drove her vehicle to the rear exit of the bar's parking lot and blocked defendant's vehicle from making its escape through that exit. A patron threw a beer bottle at defendant's windshield when it appeared defendant would not stop. Defendant did stop in front of the McKay vehicle. While the occupants of the McKay vehicle were out of the car or getting out of it, defendant struck the McKay vehicle head-on and pushed it backwards 25 to 40 feet onto Lake Street. As a result, the sister-in-law was knocked to the ground and three tires ran over her leg. Defendant turned right on Lake Street and left the scene. Defendant claimed he was not aware of the personal injury inflicted on the sister-in-law, that he panicked because he was frightened by the patrons who gathered in the lot and he did not intend to inflict injury on anyone.

A January 1987 indictment charged defendant with assault in the second degree, vehicular assault in the second degree, operating a motor vehicle while under the influence of alcohol, leaving the scene of a personal injury accident and leaving the scene of a property damage accident. After his conviction for assault in the second degree, operating a motor vehicle while under the influence of alcohol and leaving the scene of a property damage accident, defendant's motion to set aside the verdict was denied and he was sentenced to six months' imprisonment and five years' probation on his conviction of assault in the second degree. On his conviction of driving while under the influence of alcohol, defendant was fined $500; for leaving the scene of a property damage accident, he was fined $100, with his driver's license revoked for the period of probation.

On this appeal, defendant chiefly argues that the conviction for assault in the second degree (see, Penal Law § 120.05 [4]) is against the weight of the evidence and is unsupported by legally sufficient evidence. Although defendant concedes that he caused serious physical injury to the victim by means of a dangerous instrument (the station wagon) (see, Penal Law § 120.05 [4]), defendant claims that the trial evidence failed to establish that he acted "recklessly" within the meaning of Penal Law § 15.05 (3), since he merely pushed the McKay

vehicle out of the way, unaware that the victim was then getting out of the car. He further contends that his conduct was justified by his state of panic; that he was blinded by the headlights of the other vehicle and by fog on his windshield. He also blames the victim for getting out of the car in which she was riding when defendant was pushing it out of the way.

Viewing the evidence in a light most favorable to the prosecution, as we must (see, People v Montanez, 41 NY2d 53, 57), the credible evidence establishes that defendant's conduct was "reckless" within the meaning of Penal Law § 15.05 (3). Defendant conceded that he could see out of his windshield and his actions indicated that he was aware that the McKay vehicle was several feet in front of him. The evidence further established that the headlights of both vehicles and the interior lights of the McKay vehicle provided adequate lighting to the area and the vehicles, and that despite the presence of the occupied vehicle in front of him, defendant "gassed" his station wagon and pushed the McKay car out of the way. This evidence provided ample basis for County Court's finding that defendant's conduct was "reckless". The objective evidence clearly demonstrated that defendant consciously disregarded a substantial and unjustifiable risk of serious injury to another by pushing his vehicle into a stationary automobile while its passenger was getting out of it. This conduct constituted a gross deviation from the standard of conduct that a reasonable person would observe in that situation (see, Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law art 15, at 34). Defendant's claim of lack of intent by reason of his lack of motive and because of his intoxication is irrelevant. Defendant's conduct is judged by "recklessness" as defined in Penal Law § 15.05 (3), not by his intent, and voluntary intoxication does not legally excuse defendant's reckless conduct (see, Penal Law § 15.05 [3]; People v Verdile, 119 AD2d 891, 893). Defendant's conviction for assault in the second degree based on reckless conduct is supported by legally sufficient evidence and the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495; People v Heinsohn, 61 NY2d 855). Consequently, the motion to set the conviction aside was properly denied.

As to defendant's sentence, we find no abuse of discretion in its imposition and find that the circumstances amply justified the sentence imposed. The judgment of conviction should therefore be affirmed.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.