THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK D. SANDS, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from his conviction of manslaughter in the second degree, driving while ability impaired, and aggravated unlicensed operation of a motor vehicle in the third degree, defendant's sole contention is that the evidence was insufficient to support his conviction for reckless manslaughter. We disagree. A defendant recklessly causes the death of another person when he is aware of and consciously disregards a substantial and unjustifiable risk of death, provided that the risk is of such nature and degree that to disregard it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation (Penal Law § 15.05 [3]; § 125.15 [1]).

The proof in this case permits the inference that defendant was aware of and consciously disregarded the risk that his passengers or other users of the road might be killed as the result of his conduct. First, defendant was knowingly driving a mechanically deficient car. His knowledge of the poor condition of the shocks, tires and brakes can be inferred from the fact that he had driven the car on many prior occasions. Additionally, defendant's awareness of the inadequacy of the brakes was demonstrated by the fact that two individuals expressly told him to put brake fluid in the car.

Second, the evidence establishes that defendant was driving while impaired. Indeed, the officer who questioned defendant within an hour after the accident concluded that he was intoxicated, and the blood test performed almost four hours

later revealed that he had a blood alcohol content of .07%. The proof established that defendant had been drinking throughout the day but nonetheless continued to drive.

Finally, defendant's excessive speed and otherwise reckless operation of the vehicle support the inference that he consciously disregarded the risk of death. The proof established that he was driving 75 to 80 miles per hour on a winding two-lane secondary road. When warned several times of an upcoming stop sign, defendant specifically acknowledged his speed and stated that there was insufficient time to stop. Instead, defendant accelerated the vehicle, ran the stop sign, and, despite the poor mechanical condition of the car, attempted to negotiate a curve at high speed. Although the curve was visible and signs were posted warning of it and advising a speed of 30 miles per hour, the car was traveling at least 60 miles per hour when it left the road. No skid marks were found. The car struck a tree at least 5½ feet above the ground at a speed sufficient to snap the large tree trunk and sever the car in two. The evidence clearly supports defendant's conviction of reckless manslaughter (see, People v Heinsohn, 61 NY2d 855, 856; People v Racine, 132 AD2d 899, lv denied 70 NY2d 754; People v Verdile, 119 AD2d 891, 892-893; People v Donnelly, 103 AD2d 941, 942). (Appeal from judgment of Genesee County Court, Morton, J.—manslaughter, second degree.) Present—Dillon, P. J., Callahan, Doerr, Denman and Lowery, JJ.