■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. ROSSI, JR., Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered January 23, 1989, upon a verdict convicting defendant of the crimes of manslaughter in the second degree (two counts), vehicular manslaughter in the second degree (two counts), assault in the second degree and vehicular assault in the second degree.

On February 2, 1988 in the Town of Vestal, Broome County, defendant was involved in an automobile accident which resulted in the deaths of two young boys and serious injuries to their mother. Defendant was indicted for two counts of manslaughter in the second degree, two counts of vehicular manslaughter in the second degree, assault in the second degree, vehicular assault in the second degree and driving

while ability impaired by drugs. Following a jury trial, defendant was convicted of all charges except driving while ability impaired by drugs which, as a lesser included offense, was not considered *(see,* CPL 300.50 [4]). He was sentenced to concurrent prison terms of 5 to 15 years on the manslaughter convictions, 2⅓ to 7 years on the vehicular manslaughter and assault convictions, and 1⅓ to 4 years on the vehicular assault conviction. This appeal followed.

We reject defendant's contention that the results of his blood test should have been suppressed because there was no probable cause to believe that he was driving in violation of Vehicle and Traffic Law former § 1192. Testimony at the suppression hearing showed that immediately following the accident, defendant had trouble standing, appeared glassy eyed, was unresponsive to questions and admitted to drinking a beer and taking two medications shortly before the accident. These facts certainly made it appear to the arresting police officer, considering his experience and knowledge, more probable than not that defendant had violated Vehicle and Traffic Law former § 1192 so that sufficient grounds were present for his arrest *(see, e.g., People v Dunnett,* 157 AD2d 886, 887). This probable cause refutes defendant's suggestion that his arrest was occasioned solely by the direction of an Assistant District Attorney. Defendant's further contention that he requested counsel prior to the extraction of blood is not borne out by the record.

Defendant next claims that the certificate of analysis of his blood test was improperly admitted in the absence of a sufficient foundation or chain of custody. Our review of the record reveals otherwise. The analysis was performed by individuals with appropriate scientific education, training and experience at a State-licensed laboratory. Thus, the test was done by qualified persons in an acceptable manner *(see, People v Campbell,* 73 NY2d 481, 485). As to the chain of custody, the testimony of Dr. John Manfred, Investigator Kenneth Rounds, Phyllis Randall, Susan Culhane and Dr. Michael Rieder sufficiently established the chain of custody *(see, People v Brook,* 140 AD2d 808, 809, *lv denied* 72 NY2d 911).

Defendant also argues that the amount of drugs detected was insufficient to warrant criminal liability. There was testimony from a forensic toxicologist that the amount of drugs detected in defendant's blood, totaling 46 nanograms per milliliter of methamphetamine and 13 nanograms per milliliter of amphetamine, was sufficient to affect driving ability detrimentally. That the amount of drugs in defendant's blood

was detected by the private laboratory rather than the State Police laboratory is of no moment considering that the State Police only test for at least 100 nanograms per milliliter and the applicable statute proscribes *any* impairment of the ability to drive *(cf., People v Scallero,* 122 AD2d 350, 352),* which can be evidenced not only by alcohol or drug presence in blood but by descriptions of the driver's conduct *(supra).* Considering the testimony by the forensic toxicologist concerning the effect of the drugs and by the police officers and others concerning defendant's conduct and driving, we do not believe that defendant was improperly convicted based on an insufficient amount of drugs. Further, we reject defendant's claim that Vehicle and Traffic Law former § 1192 (4) unconstitutionally failed to provide sufficient notice of the proscribed conduct for it is clear that the statute prohibited driving if the operator's ability was impaired to any extent *(see, People v Cruz,* 48 NY2d 419, 426-427, *appeal dismissed* 446 US 901). In this regard, County Court instructed the jury that defendant's ability to drive had to have been impaired to some extent by the drugs for conviction.

We next find no merit to defendant's contention that County Court erred in permitting the prosecution's psychiatrist to examine defendant and failing to limit his testimony. CPL 250.10 (1) (c) and (3) authorize a court to order that a defendant be examined by a prosecution psychiatrist where evidence of mental disease or defect is offered in connection with a defense not otherwise specified in that statute. Our review of the record reveals that defendant used a psychiatrist to support his contention that his behavior was the result of a personality disorder and not the result of impairment by drugs. Such a situation falls comfortably within the statute's parameters, which is intended to cover more than the traditional insanity defense *(see, People v Cruickshank,* 105 AD2d 325, 329, *affd* 67 NY2d 625). Otherwise, the prosecution would be unfairly prevented from rebutting the defense evidence and unfairly handicapped in meeting its burden of proof *(see, People v Fediuk,* 66 NY2d 881, 884; *see also, People v Segal,* 54 NY2d 58, 65). On a related issue, we see no error in the testimony of the prosecution's psychiatrist concerning the effects of amphetamines because the testimony related not to any specific statements by defendant but to hypothetical cir-

* Although *People v Scallero* (122 AD2d 350, *supra)* involved a violation of Vehicle and Traffic Law former § 1192 (1) relating to alcohol, the same language, and thus standard, was found in Vehicle and Traffic Law former § 1192 (4) relating to drugs.

cumstances, and the proper limiting instruction nonetheless was given to the jury (see, CPL 60.55 [2]).

There also is no merit to defendant's claim that the element of recklessness was not supported by legally sufficient evidence. There was testimony that defendant admitted taking drugs before and during driving and knew that his driving was erratic before the accident. Other witnesses attested that defendant's driving was erratic and unsafe. This evidence, coupled with the chemical analysis of defendant's blood, supports the jury's determination that defendant consciously disregarded a substantial and unjustifiable risk of serious injury to another when he operated his automobile after taking drugs and, thus, acted recklessly (see, e.g., People v Acton, 149 AD2d 839, 841; People v Verdile, 119 AD2d 891, 892; People v Van Dusen, 89 AD2d 649, 650).

Defendant's reliance on People v Snow (138 AD2d 217, affd 74 NY2d 671) for dismissal of the manslaughter and assault convictions is misplaced. That case holds only that driving while intoxicated as a felony fails to provide the requisite culpable mental state for assault in the first degree under Penal Law § 120.10 (4) and thus cannot serve as a predicate for a first degree assault conviction thereunder. Here, as noted above, there was sufficient proof of the requisite mental state, recklessness, for the manslaughter and assault convictions.

Finally, we find no reason to modify the sentence. County Court was well aware of the effects of a serious 1979 automobile accident on defendant. It considered this factor along with the particular circumstances of this accident in pronouncing sentence. We cannot say that the sentence imposed was an abuse of discretion or warrants modification because of extraordinary circumstances.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Mikoll and Yesawich, Jr., JJ., concur.