OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Vehicle and Traffic Law § 1194 (2) (a) (1) provides that any person who operates a motor vehicle within the State shall be deemed to have consented to the administration of a chemical blood alcohol test conducted "at the direction of a police officer * * * having reasonable grounds to believe” that such person was driving in violation of Vehicle and Traffic Law § 1192 (driving under the influence of alcohol or drugs), provided that the test is administered "within two hours after such person has been placed under arrest for any such violation.” Where these conditions are satisfied, the statute furnishes authority for the administration of a blood alcohol test even in the absence of a court order or the suspect’s actual consent.
On this appeal, defendant, whose trial for reckless and vehicular manslaughter included evidence obtained pursuant to Vehicle and Traffic Law § 1194 (2) (a) (1), argues that such *871 evidence should have been suppressed because he had not formally been placed under arrest at the time his blood sample was taken and, thus, the statutory requisites had not been satisfied. However, a formal arrest would have been an empty gesture in defendant’s case, since defendant was unconscious when the police first arrived at the scene of the accident and he remained comatose for approximately two more weeks. Under these circumstances, we decline to hold that the police officer’s failure formally to announce defendant’s arrest was alone sufficient to vitiate his Vehicle and Traffic Law § 1194 (2) (a) (1) authority to direct the administration of a chemical blood alcohol test (cf., People v Almond, 151 AD2d 820 [blood test taken pursuant to Vehicle and Traffic Law § 1194 (1) (now § 1194 [2] [a] [1]) suppressed where police found defendant in a conscious state but, without formally placing him under arrest, waited until subsequent medical treatment rendered him unconscious before administering test]).
We have examined defendant’s remaining contentions and conclude that none of the issues raised warrant reversal.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.