■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID S. GRANT, Appellant. [596 NYS2d 529] —Mikoll, J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered August 14, 1991, convicting defendant following a nonjury trial of the crime of vehicular manslaughter in the first degree.

On this appeal defendant alleges that his conviction is contrary to the weight and sufficiency of the evidence, and that County Court erroneously failed to suppress the results of his blood test and statements made by him.

To sustain a conviction of vehicular manslaughter in the first degree, the People must prove that defendant committed the crime of criminally negligent homicide as defined in Penal Law § 125.10, caused death by operation of a vehicle while intoxicated by alcohol in violation of Vehicle and Traffic Law § 1192 (2), (3) or (4), and operated the vehicle while knowing or having reason to know that his license was revoked or suspended, *inter alia,* following a conviction under Vehicle and Traffic Law § 1192 *(see,* Penal Law § 15.05 [4]; §§ 125.10, 125.12, 125.13; *People v Cooper,* 158 AD2d 743, 745, *revd on other grounds* 78 NY2d 476; *see generally, People v Boutin,* 75 NY2d 692, 695-698). In assessing the record, great deference must be accorded the fact-finder's determinations and, upon conviction, it must be presumed that the fact-finder credited the People's witnesses *(see, People v Lewis,* 165 AD2d 901, 902, *lv denied* 76 NY2d 1022).

We find ample evidence in the record of defendant's intoxication, criminal negligence and disregard of a previous order revoking his license, and of the resulting fatality. The verdict was clearly supported by the weight and sufficiency of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). The record discloses that defendant operated his motor vehicle on Salt

Road, at its intersection with State Route 22 in the Town of Groton, Tompkins County, when he ran a stop sign, while traveling at 50 miles per hour and having a blood alcohol level of .12%, and crashing into the vehicle driven by Charles Cronk on Route 22, killing Cronk. The evidence further supported the finding that defendant operated the vehicle while his license was revoked because of a previous driving while intoxicated conviction.

Defendant challenges the denial of his motion to suppress the results of the blood test taken from him. He contends that he was not arrested before his blood was taken and that this violated Vehicle and Traffic Law § 1194 (2) (a) (1) and, even if it is to be presumed that he was under arrest, he was incapable of understanding the driving while intoxicated warnings given him because of his injuries. County Court found that defendant was arrested at 2:35 A.M., that the blood test was taken at 2:41 A.M. and that defendant consented to its taking. State Trooper Robert Drabiki observed defendant at the hospital and said that defendant smelled of alcohol, had bloodshot eyes, and slow and labored speech. He advised defendant that he was under arrest for driving while intoxicated and elicited his consent to a blood test which was drawn by an emergency room physician. This testimony relating to the state of defendant's intoxication was supported by that of medical technicians who indicated that defendant smelled of alcohol and that he said that he drank a lot before the accident. Giving deference to County Court's findings, as we must, we find that the evidence supported the court's denial of defendant's motion to suppress the results of the blood test. Defendant's contention that he was unconscious and unable to give consent does not change the result. Deeming this to be so, consent of an unconscious operator of a car is implied pursuant to Vehicle and Traffic Law § 1194 (2), and the blood test would have been properly administered in any event (see, People v Kates, 53 NY2d 591, 595-596).

Defendant urges that proof of his blood test results, even if admissible under the Vehicle and Traffic Law, was inadmissible to prove the Penal Law offenses in the indictment. Pursuant to CPL 60.75, a chemical test admitted in evidence as proof of a violation of Vehicle and Traffic Law § 1192, if relevant, may be received as evidence with regard to the remaining charges in the indictment. The result of defendant's blood tests were properly admitted with respect to all charges in the indictment.

We find no merit to defendant's challenge to the admission

of his signed statement taken from him in the hospital as being in violation of his right to counsel. This argument was not raised before County Court and is therefore deemed waived *(see, People v Early,* 173 AD2d 884, 885, *lv denied* 79 NY2d 1000).

Weiss, P. J., Levine, Mercure and Mahoney, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Tompkins County for further proceedings pursuant to CPL 460.50 (5).