■ The People of the State of New York, Respondent, v Minard Carkner, Appellant. [623 NYS2d 350] —Casey, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered May 6, 1993, upon a verdict convicting defendant of the crime of vehicular manslaughter in the second degree.

Defendant's conviction of vehicular manslaughter in the second degree arises out of a one-vehicle accident which occurred late at night after defendant and his companion had visited several bars. Defendant and his companion were ejected from the vehicle. Defendant's companion died as a result of her injuries shortly after the accident. After a trial at which the issue of defendant's identity as the driver of the vehicle was vigorously litigated, defendant was convicted of

the top count of the indictment. He appeals from the judgment.

We turn first to defendant's argument concerning the sufficiency of the evidence. There is ample evidence in the record from which the jury could reasonably conclude that defendant was driving at the time of the accident. Defendant does not argue to the contrary, but instead claims that there is insufficient evidence of his criminal negligence, which is an element of vehicular manslaughter in the second degree (see, Penal Law § 125.12 [1]). Proof of intoxication alone is insufficient to establish criminal negligence (see, Matter of Johnston, 75 NY2d 403, 409-410). The People had to establish that defendant's intoxication affected his physical and mental capacity to the extent that it caused him to operate his vehicle in a culpably reckless manner (supra, at 410).

There is evidence in the record from which the jury could reasonably conclude that, while traveling at 50 to 55 miles per hour in a southerly direction on a curve that could be negotiated at almost twice that speed, defendant's vehicle drifted off the road to the right, and instead of making a minor correction in steering that would have put his vehicle back in its travel lane, defendant overreacted. As a result, the vehicle began to slide across the northbound lane. The vehicle spun around and struck the face of a rock ledge off the east side of the roadway almost head-on at approximately 50 to 55 miles per hour. According to an accident reconstruction expert, defendant took no corrective action after the vehicle began to slide, such as countersteering or braking, which could have avoided the lethal impact. Based upon the evidence of defendant's intoxication and his failure to maintain control of his vehicle for no apparent reason and his failure to take any corrective action despite the opportunity to do so, the jury could reasonably conclude that defendant's conduct grossly deviated from the standard of care a reasonable person would have observed in a similar situation. His conduct, therefore, was sufficiently blameworthy to sustain a finding of criminal negligence (see, People v Rollins, 118 AD2d 949, 951; see also, People v Duffy, 185 AD2d 528, lv denied 80 NY2d 903; cf., People v Boutin, 75 NY2d 692). There is also no basis to disturb the jury verdict as against the weight of the evidence (see, People v Bleakley, 69 NY2d 490).

We agree with defendant that the prosecutor lacked the authority to subpoena defendant's hospital records when no Grand Jury was investigating the matter and no criminal proceeding was pending (see, CPL 610.20; People v Natal, 75

NY2d 379, 385, *cert denied* 498 US 862), but the error does not necessarily require a reversal of defendant's conviction *(see, People v Natal, supra)*. Thus, if defendant ultimately waived the physician-patient privilege, reversal of his conviction as a result of the prosecutor's misuse of the subpoena process would not be appropriate *(see, People v Kral,* 198 AD2d 670, 671-672, *lv denied* 82 NY2d 926). County Court ruled that defendant "opened the door" during cross-examination of a hospital nurse who had drawn blood from defendant to determine defendant's blood alcohol level. We agree with defendant that this ruling was erroneous.

It is undisputed that defendant's hospital records contain confidential information subject to the physician-patient privilege *(see,* CPLR 4504 [a]), which is applicable in a criminal proceeding *(see, People v Eckert,* 2 NY2d 126, 128). In the absence of an express waiver, a litigant waives the privilege by affirmatively placing his or her physical or mental condition in issue *(Koump v Smith,* 25 NY2d 287, 294). Defendant herein raised the issue of whether he was the person from whom the blood sample was drawn by referring to certain discrepancies on a form from his hospital records by which the police requested that the blood sample be taken. The form contained no confidential information, and the question of whether defendant was the person from whom the blood sample was drawn has nothing to do with defendant's physical or mental condition. By raising the identity issue, defendant "opened the door" to permit introduction of evidence relevant to the identity issue. He did not, however, affirmatively put his physical or mental condition in issue so as to waive the physician-patient privilege with regard to all of the confidential information contained in the hospital records *(see, People v Osburn,* 155 AD2d 926, 927, *lv denied* 75 NY2d 816). The confidential information should not, therefore, have been admitted into evidence over defendant's objection. We also note that although defendant's medical condition was clearly at issue from the outset insofar as the injuries he sustained in the accident are relevant to his position in the vehicle, defendant's mere denial that he was driving is insufficient to constitute the type of affirmative conduct necessary to waive the physician-patient privilege *(see, Dillenbeck v Hess,* 73 NY2d 278, 287-288).

Defendant contends that the prosecutor's misuse of the subpoena process to obtain the hospital records prior to any Grand Jury investigation or pending criminal proceeding, together with the violation of his physician-patient privilege,

requires reversal of the conviction. We disagree. When the form that defense counsel used in cross-examination of the nurse was introduced in evidence, defense counsel consented to the prosecutor's* request that she be provided with a copy of all of defendant's hospital records. Accordingly, the People had access to the hospital records without regard to the earlier subpoena, and there is nothing to suggest that the People used any confidential information in the hospital records before they were provided to them at trial or that any witness was provided with confidential information before the records were introduced at trial. Defendant was not prejudiced by the People's misuse of the subpoena process and, therefore, reversal is not required (see, People v Natal, 75 NY2d 379, supra).

The violation of defendant's physician-patient privilege is subject to the nonconstitutional harmless error analysis (see, People v Ballard, 173 AD2d 480, lv denied 78 NY2d 961), which requires us to determine whether "there is a significant probability, rather than only a rational possibility * * * that the jury would have acquitted the defendant had it not been for the error" (People v Crimmins, 36 NY2d 230, 242). We find no such significant probability in this case. When the records were admitted into evidence, defense counsel was given the opportunity to redact objectionable material, and he and the prosecutor agreed upon the redactions. Defendant does not cite to any specific confidential material admitted over his objection that could have been prejudicial. Instead, defendant claims only that the jury was allowed to use confidential information to compare his injuries to those sustained by decedent which might have played a role in the jury's determination that defendant was driving. The claim is pure speculation and falls short of the requisite significant probability.

It is clear from the record that the opinions of the People's experts as to the positions of defendant and decedent in the vehicle were based almost exclusively on the nature and severity of the injuries sustained by decedent and the damage to the vehicle. It is equally clear from the record that both experts formed their opinions without regard to the contents of defendant's hospital records, and there is nothing to suggest that they altered their opinions or their trial testimony in any significant manner as a result of their subsequent access to

---

* The Assistant District Attorney who tried the case was unaware that a copy of the hospital records had previously been subpoenaed by a different Assistant District Attorney.

the hospital records. We conclude that the error involving defendant's physician-patient privilege is harmless *(see, People v Crimmins, supra).*

Defendant's remaining arguments do not merit extended discussion. With regard to the validity of the blood sample taken pursuant to the implied consent provisions of Vehicle and Traffic Law § 1194 (2) (a) (1), the record supports the suppression court's findings that the officer who directed the taking of the sample had probable cause to believe that defendant was driving while intoxicated and that defendant was in a state of semiconsciousness or unconsciousness following the accident so that a formal arrest would have been an empty gesture. The motion to suppress was, therefore, properly denied *(see, People v Goodell,* 79 NY2d 869). Defendant's claim that he was not provided with certain *Rosario* material *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) is meritless. Inasmuch as neither the police dispatcher nor the person who made the 911 emergency call to report the accident testified at trial, the tape recording of the call is not *Rosario* material.

We also reject defendant's contention that the requirements of CPL article 730 were violated because the two psychiatrists who were directed to evaluate defendant pursuant to CPL 730.20 submitted their evaluations in reports which were not on the form referred to in CPL 730.10 (8). County Court found that the reports were in substantial compliance with the statute because they contained the required information. Defendant had ample opportunity to present relevant evidence concerning his capacity to stand trial and failed to do so. We see no basis to disturb the finding that defendant was fit to stand trial despite his claim of amnesia *(see, People v Francabandera,* 33 NY2d 429). Inasmuch as defendant was convicted of one of the original counts charged in the indictment, County Court's failure to give notice that it was going to charge a lesser included offense *(see,* CPL 300.10 [4]) did not prejudice defendant and is not reversible error *(see, People v Scalzi,* 102 AD2d 952, 953). Evidence of decedent's prior conviction of driving while intoxicated is irrelevant to the question of whether defendant was driving at the time of the accident that resulted in decedent's death and, therefore, the evidence was properly excluded. The judgment should be affirmed.

Mercure, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, and matter

remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5).

