■ The People of the State of New York, Respondent, v Stanley Stuart, Appellant. [628 NYS2d 421] —Casey, J. Appeal from a judgment of the County Court of Albany County (Turn-

er, Jr., J.), rendered November 24, 1992, upon a verdict convicting defendant of the crimes of vehicular manslaughter in the second degree, criminally negligent homicide and driving while intoxicated.

Defendant's conviction stems from a motor vehicle accident which occurred when defendant drove his vehicle north in the southbound lane of the Northway. As a result of the accident, a passenger in a vehicle struck by defendant's vehicle was killed. While defendant was being transported to the hospital after the accident, a State Trooper who accompanied him in the ambulance asked the emergency medical technician to draw a sample of defendant's blood, pursuant to the implied consent provisions of Vehicle and Traffic Law § 1194 (2) (a) (1). Subsequent testing of the sample disclosed a blood alcohol content of 0.21%. Defendant moved to suppress the results of the test and contends on appeal that County Court erred in denying the motion.

According to defendant, his failure to respond to the Trooper's questions in the ambulance should be viewed as a refusal to consent to the blood test, so that a court order was required (see, Vehicle and Traffic Law § 1194 [3]). The People contend that defendant was unconscious and unresponsive when the police first arrived at the scene and remained so until he arrived at the hospital. The People, therefore, rely on *People v Goodell* (79 NY2d 869) as authority for taking the blood sample despite the absence of a court order and a formal arrest. Defendant does not dispute that the Trooper had probable cause to believe that defendant was driving while intoxicated. The only issue, therefore, is whether defendant was in a state of unconsciousness or semiconsciousness so that a formal arrest would have been an empty gesture (see, *People v Carkner*, 213 AD2d 735).

There is ample evidence that defendant was found slumped over the steering wheel of his vehicle, his eyes wide open in a vacant stare, and he was totally unresponsive. According to the Trooper and the emergency medical technician who accompanied defendant in the ambulance, defendant was unconscious when placed in the ambulance and remained so during the trip to the hospital. He was unresponsive to all efforts to communicate with him other than an occasional groan. According to the Trooper, he became concerned about preserving an untainted blood sample when the technician indicated that he was going to administer intravenous fluids to defendant. The Trooper, therefore, directed the technician to take a blood sample before making the intravenous connection.

Defendant claims there are inconsistencies in the technician's testimony and that there is evidence that he was conscious, but unwilling to communicate. Considering the deference accorded to the suppression court in determining issues of credibility (*see, People v Esposito*, 191 AD2d 746, 747, *lv denied* 81 NY2d 885), and considering the record as a whole, including the evidence of defendant's unconsciousness during the critical time period, we see no basis to disturb County Court's ruling. Citing testimony given by the Trooper in an administrative hearing concerning defendant's license, defendant contends that the Trooper's testimony at the suppression hearing was incredible. The transcript of the administrative hearing was not, however, made a part of the suppression hearing record (*see,* CPL 710.40 [4]) and, therefore, was not considered by County Court. Accordingly we will not consider it on this appeal (*see, People v Carroll*, 182 AD2d 693, 694, *lv denied* 80 NY2d 902).

Defendant contends that a photograph of the deceased victim, introduced to show the victim's appearance prior to the accident, was irrelevant to the crimes charged in the indictment. We agree, but considering the overwhelming proof of defendant's guilt, we find the error to be harmless (*see, People v Daughtry*, 202 AD2d 686, 687, *lv dismissed* 84 NY2d 906).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.