■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARK PHIPPEN, Appellant. [649 NYS2d 191] —Yesawich Jr., J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered October 2, 1995, upon a verdict convicting defendant of three counts of the crime of manslaughter in the second degree.

On September 13, 1994, David Prue, driving a truck owned by defendant's company, was involved in an accident when one of the front tires of the truck blew out. After the blowout, Prue's vehicle crossed into the opposing lane of traffic and collided with another vehicle, fatally injuring its three passengers. As a consequence, defendant was indicted and convicted of three counts of manslaughter in the second degree, and sentenced to concurrent indeterminate terms of incarceration of 1 to 6 years on each count. Defendant appeals.

Before a person may be found guilty of manslaughter in the second degree, there must be proof of the "creation of a substantial and unjustifiable risk; an awareness and disregard of the risk on the part of defendant; and a resulting death" (*People v Licitra*, 47 NY2d 554, 558; *see,* Penal Law § 15.05 [3]; § 125.15 [1]). In the case at hand, the evidence could support a finding that defendant acted recklessly by failing to replace the left front tire despite being told repeatedly that it "hopped" or vibrated, and that this omission was not merely an isolated error in judgment but was typical of a cavalier disregard for safety concerns in general. An expert for the People testified that a "hopping" tire could indicate a number of conditions, among them belt separation, a circumstance that can eventuate in a blowout. It was not unreasonable for the jury to conclude that where, as here, the vehicle in question is used to

haul tons of material on public roads, defendant's continuing refusal to address such a problem after being made aware of it manifested a conscious disregard of a substantial and unjustifiable risk of death, and a gross deviation from the standard of conduct that a reasonable person would have observed.

But, finding that defendant acted recklessly is not enough to warrant a conviction for manslaughter. It must also be demonstrated that his recklessness caused the deaths that occurred. Causation, like the other ingredients of the crimes at issue—criminally negligent homicide was charged as a lesser included offense—is "an essential element which the People must prove beyond a reasonable doubt" *(People v Stewart,* 40 NY2d 692, 697). It requires that " 'the defendant's actions must be *a sufficiently direct cause* of the ensuing death' " *(supra,* at 697, quoting *People v Kibbe,* 35 NY2d 407, 413 [emphasis supplied by *People v Kibbe*]); a " 'merely probable connection between [the act] and death will * * * require acquittal' " *(People v Stewart, supra,* at 697, quoting *People v Brengard,* 265 NY 100, 108). Moreover, it must be proven that the actual cause of the blowout was a foreseeable result of the defendant's recklessness *(see, People v Roth,* 80 NY2d 239, 243-244).

Here, as in *People v Stewart (supra),* the record establishes, at most, a possible or probable connection between defendant's wrongful acts and the ensuing deaths. Significantly, the People did not prove beyond a reasonable doubt that the blowout was brought about by defendant's failure to inspect or change the tire, or that it resulted, as the People urge, from overloading of the truck, a practice he apparently condoned. The People's expert testified that, after the accident, the tire in question had been "run to destruction"—a term used to describe a tire which is torn or has many missing portions such that a person examining it is unable to determine the reason for its failure. Furthermore, he testified that a tire blowout can be the product of a variety of causes, including heat, high speed, a defective tire, or a rim leak, but that he could not determine from his inspection what caused this tire, which was relatively new, and which upon visual examination apparently exhibited no sign of a potential defect, to fail. Inasmuch as several of these conditions—including heat buildup, which could be caused by underinflation or a puncture—could have arisen independently of defendant's wrongdoing, the jury's conclusion that the tire blew because of defendant's recklessness was mere speculation *(see, People v Stewart, supra,* at 698-699; *cf., People v Warner-Lambert Co.,* 51 NY2d 295, 305, *cert denied* 450 US 1031). There being a lack of proof of a causal connection between defendant's

conduct and the accident, the evidence is insufficient to convict defendant of either manslaughter in the second degree or criminally negligent homicide *(People v Bleakley,* 69 NY2d 490, 495). Accordingly, the judgment must be reversed and the indictment dismissed.

Mikoll, J. P., White, Peters and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, and indictment dismissed.