■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD C. CRANDALL, Appellant. [681 NYS2d 99] —Yesawich Jr., J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered June 5, 1997, upon a verdict convicting defendant of the crimes of manslaughter in the second degree (two counts) and assault in the second degree (three counts).

At approximately 12:35 A.M. on September 28, 1996, defendant lost control of the car he was driving, causing an accident in which two of his passengers were killed and three others seriously injured. As a consequence, defendant was charged with, *inter alia*, two counts of manslaughter in the second degree and three counts of assault in the second degree, and ultimately convicted of those offenses.

At trial, defendant admitted that he had been speeding— experts opined that the car he was driving, a Ford Escort, had been traveling at a speed of between 70 and 78 miles per hour—in an attempt to reach the Vermont border, which was

roughly one mile away, because he believed that the police officer who was following him would not continue to do so beyond that boundary. According to Bruce Smith, the Rensselaer County Sheriff's Deputy who had been pursuing the Escort, he had seen it cross the double yellow line on more than 10 occasions during a brief time period before signaling it to pull over. Defendant acknowledged not stopping because his driver's license had been suspended, there were open containers of beer in the car and he had been "in trouble" with the law before. The accident occurred just after defendant passed a minivan traveling in the same direction, in a no-passing zone, on a winding road; upon reentering the eastbound lane of travel, defendant apparently oversteered and lost control of the vehicle, which left the roadway and rolled down an embankment.

The People also elicited expert testimony to the effect that defendant was under the influence of marihuana, the effects of which may have been exacerbated somewhat by alcohol he had consumed at a party earlier in the evening. Although defendant admitted having smoked marihuana in the late afternoon, he denied any later consumption and claimed that the effects had completely subsided before he left his house for the evening. However, the People's expert, Marilyn Huestis, a forensic toxicologist called to testify by the People, concluded, on the basis of defendant's blood levels of THC (delta-9-tetrahydrocannabinol, the active ingredient in marihuana) and carboxy THC (a metabolite of THC), as measured in a sample drawn approximately two hours after the crash, that he had smoked marihuana shortly before the accident. Smith, who was qualified as an expert capable of recognizing the symptons of drug and alcohol intoxication, also testified that while there was no indication that defendant was impaired by alcohol, he did exhibit several signs of marihuana intoxication—including bloodshot and glassy eyes, eye tremors, enlarged pupils and decreased concentration—immediately after the crash.

Defendant challenges the reliability and credibility of these experts' testimony and contends that the proof, taken as a whole, was legally insufficient to support the jury's finding of recklessness (or, in the alternative, that the verdict was against the weight of the evidence). We disagree. Although, as defendant notes, several of his peers testified that they had not seen him smoking, their observations covered only the time periods prior to 11:00 P.M. and after midnight; this evidence is not inconsistent with Huestis' opinion that defendant must have smoked marihuana in the interim. Huestis' testimony, which was buttressed by Smith's assessment of defendant's driving

and physical appearance, provides ample basis for a finding that he was driving while impaired by drugs (*see, People v Rossi*, 163 AD2d 660, 662, *lv denied* 76 NY2d 943). Defendant's alternate explanations for his appearance and THC levels merely present credibility questions, which the jury resolved in the People's favor.

The evidence was also sufficient to demonstrate that defendant knew of the serious risk posed by his actions, and hence acted recklessly in disregarding that risk (*see*, Penal Law § 15.05 [3]; § 125.15 [1]; *People v Kenny*, 175 AD2d 404, 406, *lv denied* 78 NY2d 1012; *see also, People v Rossi, supra*, at 663; *People v Sands*, 159 AD2d 984, 984-985). He admitted being aware of his speed and of the fact that he was passing in a no-passing lane; that he knew (having attended a class on the subject) that marihuana affects one's concentration and reflexes; and that he heard, but elected not to heed, his passengers' entreaties to pull over, because he "thought [he] could make it" (i.e., to the border). Even when viewed in a neutral light, the proof does not weigh so heavily in favor of a contrary verdict as to warrant intervention by this Court (*see, People v Bleakley*, 69 NY2d 490, 495).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed.