(November 18, 1999)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY L. HART, Appellant. [698 NYS2d 357] —Graffeo, J. Appeal from a judgment of the County Court of Essex County (Halloran, J.), rendered March 31, 1997, upon a verdict convicting defendant of the crimes of manslaughter in the second degree, vehicular manslaughter in the first degree and reckless driving, and the offenses of careless, reckless and negligent operation of an all-terrain vehicle, operating an unregistered all-terrain vehicle, operating an all-terrain vehicle on a highway and operating an all-terrain vehicle without a helmet.

The criminal charges filed against defendant emanated from a November 21, 1995 incident in which defendant's five-year-old son was killed when defendant's all-terrain vehicle (hereinafter ATV), upon which the son was a passenger, collided with an automobile on State Route 9 in the Town of Chesterfield, Essex County.

A 14-count indictment charged defendant with manslaughter in the second degree, vehicular manslaughter in the first degree, vehicular manslaughter in the second degree, criminally negligent homicide, driving while intoxicated (hereinafter DWI) and reckless driving, as well as numerous Vehicle and Traffic Law offenses. Following a jury trial, defendant was convicted of manslaughter in the second degree, vehicular manslaughter in the first degree, reckless driving and various offenses relating to the operation of his ATV. County Court denied defendant's CPL 330.30 (1) motion to set aside the verdict for legally insufficient evidence and defendant was sentenced as a persistent felony offender to concurrent prison terms of 15 years to life for each of the manslaughter and vehicular manslaughter counts, 30 days for reckless driving and 15 days each for the remaining four convictions. Defendant now appeals.

Defendant initially contends that insufficient evidence existed to establish that he was driving while intoxicated in

violation of Vehicle and Traffic Law § 1192 and that the blood alcohol test results were improperly admitted into evidence. These results, which revealed defendant's blood alcohol content to be 0.17% approximately three hours after the accident, were admitted pursuant to the implied consent provisions of Vehicle and Traffic Law § 1194 (2) (a) (1).* A motorist is deemed to have consented to the administration of a blood alcohol test provided that there were reasonable grounds to believe that such individual was driving while intoxicated and the test was administered "within two hours after such person has been placed under arrest for any such violation" (Vehicle and Traffic Law § 1194 [2] [a] [1]; *see, People v Goodell*, 79 NY2d 869).

Although not alleging that the police lacked probable cause for his arrest, defendant asserts that the prosecution failed to prove that the blood test was conducted in a manner consistent with statutory requirements. We disagree. The record reveals that the accident occurred shortly after 5:00 P.M. and that when the State Police arrived at the hospital, defendant was unconscious. Nevertheless, at approximately 7:00 P.M., a State Trooper explained to defendant that he was a police officer and placed defendant under arrest. A blood sample was thereafter extracted from defendant at 8:28 P.M., which was within two hours of defendant's arrest (*see, People v Turner*, 234 AD2d 704). To the extent that defendant argues that he was not technically arrested, a formal arrest was unnecessary because it would have been meaningless due to his unconscious state (*see, People v Bagley*, 211 AD2d 882, *lv denied* 86 NY2d 779; *see also, People v Goodell, supra; People v Stuart*, 216 AD2d 682, 683, *lv denied* 86 NY2d 803; *People v Carkner*, 213 AD2d 735, 736, *lv denied* 85 NY2d 970, 86 NY2d 733). We therefore conclude that, upon these facts, the requirements of Vehicle and Traffic Law § 1194 (2) (a) (1) were satisfied (*see, People v Goodell, supra*) and the test results of defendant's blood showing an ethyl alcohol concentration of 0.17% were properly admitted with regard to the issue of defendant's intoxication and his per se violation of Vehicle and Traffic Law § 1192 (2).

Defendant next contends that the manslaughter and vehicular manslaughter convictions are contrary to the weight and sufficiency of the evidence. In order to sustain a conviction of vehicular manslaughter in the first degree (*see*, Penal Law § 125.13) the People must demonstrate that defendant, with criminal negligence (*see*, Penal Law § 125.10), caused the death

---

\* Although the blood sample was taken pursuant to a court order, the results were admitted into evidence at trial under the implied consent provisions of Vehicle and Traffic Law § 1194.

of another by operating a vehicle while intoxicated (*see,* Penal Law § 125.12 [2]; *People v Grant,* 192 AD2d 798, *lv denied* 81 NY2d 1073) and with a suspended or revoked license due to a prior alcohol-related vehicular offense (*see,* Penal Law § 125.13 [2] [b]). The crime of manslaughter in the second degree requires the People to establish that defendant recklessly caused the death of another (*see,* Penal Law § 125.15 [1]) by creating and consciously disregarding a substantial and unjustifiable risk of death (*see,* Penal Law § 15.05 [3]; *People v Crandall,* 255 AD2d 617; *People v Phippen,* 232 AD2d 790).

During the trial, the People elicited testimony that defendant began drinking at a friend's home during the early afternoon on the date of the accident and by 4:00 P.M. had consumed approximately one-half liter of liquor and was walking with an unsteady gait. Defendant was also observed later that afternoon holding a can of beer while operating his ATV which had no headlights and faulty brakes. Thereafter, defendant returned to his residence where he placed his five-year-old son on the ATV seat in front of him without providing him with a helmet. Several witnesses testified that defendant drove on Route 9 in an erratic manner immediately prior to the collision. At approximately 5:15 P.M., defendant was traveling at about 35 miles per hour in the southbound lane of Route 9 when he struck another vehicle as it was turning across the southbound lane to enter a driveway.

At the accident scene, the police discovered a broken brandy bottle and noticed the odor of alcohol in the air. An emergency medical technician who treated defendant testified that he detected the odor of alcohol on defendant's breath, which was also noted by police officers at about 7:00 P.M. after defendant had been taken to the hospital. Blood tests performed at approximately 8:28 P.M. revealed a blood alcohol content of 0.17%. Based on the foregoing, we find that sufficient credible evidence was presented at trial to support the jury's manslaughter in the second degree conviction since there was a valid line of reasoning and permissible inferences which made it rational for the jury to conclude that defendant perceived and consciously disregarded a substantial and unjustifiable risk of death to his child (*see, People v Crandall, supra; People v Sands,* 159 AD2d 984). Additionally, the evidence was sufficient to demonstrate that defendant was driving the ATV while intoxicated and his conduct, therefore, was "sufficiently blameworthy" to support the finding of criminal negligence pertaining to the first degree vehicular manslaughter conviction (*People v Carkner, supra,* at 736; *People v Grant,* 192 AD2d

798, *lv denied* 81 NY2d 1073, *supra*). Viewing the evidence in a neutral light and deferring to the jury's resolution of credibility issues (*see, People v Bleakley*, 69 NY2d 490, 495), the verdict was not against the weight of the evidence (*see, People v Demetsenare*, 243 AD2d 777, 780, *lv denied* 91 NY2d 833), especially since proof of defendant's guilt was largely uncontroverted. For similar reasons, considering the evidence in a light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620, 621), we conclude that it was legally sufficient to satisfy the prosecution's burden requirements for all elements of the crimes constituting the guilty verdict.

Lastly, defendant's assertion that County Court failed to comply with Penal Law § 70.10 (2) in providing sufficient reasons for its decision to sentence him as a persistent felony offender is without merit. County Court specifically determined that extended incarceration would best serve the public interest due to defendant's extensive criminal history, which included several theft-related crimes and a recent DWI conviction. The court indicated that such conduct demonstrated a wanton disregard of the law and the safety of individuals using the highways. Under these circumstances, we find that County Court adequately addressed defendant's past criminal history and offered a sufficient explanation for its decision to sentence defendant as a persistent felony offender (*see, People v James*, 251 AD2d 813; *People v Andre*, 232 AD2d 884, *lv denied* 89 NY2d 918). Additionally, because defendant's sentence was within the statutory parameters and in light of defendant's extensive criminal history spanning more than two decades, the sentences imposed were not harsh and excessive.

Defendant's remaining contentions have been considered and found to be lacking in merit.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.