■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON L. BRADWAY, Appellant. [728 NYS2d 286] —Spain, J. Appeal from a judgment of the County Court of Madison County (Humphreys, J.), rendered February 16, 2000, convicting defendant upon his plea of guilty of the crimes of assault in the second degree and vehicular assault in the second degree.

Defendant pleaded guilty to assault in the second degree and vehicular assault in the second degree in satisfaction of an eight-count indictment charging him with, *inter alia,* assault in the second degree, vehicular assault in the second degree, driving while intoxicated (hereinafter DWI) and operation of a motor vehicle with a blood alcohol content of 0.10% or higher. The charges stem from a two-car collision on October 5, 1998 at 3:30 P.M. in which the vehicle defendant was operating—for no apparent reason—crossed the center line of State Route 5 in the Town of Sullivan, Madison County, and collided head-on with another vehicle. Both drivers were seriously injured. Defendant was transported to a local hospital where a sergeant with the Madison County Sheriff's Department observed that defendant's breath smelled of alcohol and, finding him unconscious and unresponsive, nevertheless placed defendant under arrest for driving while intoxicated, read him his DWI warnings and ordered a blood alcohol test which revealed that he had a blood alcohol content of 0.31%. The sergeant had been at the scene of the collision where he observed open beer cans in defendant's vehicle. Soon thereafter, defendant was airlifted to a hospital in the City of Syracuse, Onondaga County. Two days following the accident, defendant went to the Sheriff's Depart-

ment to retrieve his personal belongings at which time he gave certain oral and written statements to a lieutenant on duty at the time.

Before entering his plea, defendant unsuccessfully moved to suppress his statements. County Court thereafter sentenced defendant to concurrent terms of imprisonment of six years on the assault conviction and 1 to 3 years on the vehicular assault conviction. On defendant's appeal, we affirm.

Defendant first contends that the police conduct in drawing his blood triggered his indelible right to counsel, reasoning that law enforcement's statutory authority to conduct a chemical test upon a person after placing him under arrest for DWI (*see*, Vehicle and Traffic Law § 1194) is the equivalent of a court order for purposes of commencing the criminal proceeding. Consequently, defendant asserts that County Court improperly denied his motion to suppress his statements insofar as the attachment of his right to counsel precluded interrogation intended to elicit incriminating evidence without his waiver of his right to counsel. We disagree.

A defendant's right to counsel attaches upon the commencement of a criminal action, which occurs upon the filing of an accusatory instrument (*see, People v West*, 81 NY2d 370; *People v Wilson*, 56 NY2d 692). Here, the uniform traffic tickets were not filed until after defendant made the challenged statements to the lieutenant and, therefore, his right to counsel had not yet attached. The right to counsel, however, "may also attach at an earlier stage if there has been significant judicial activity" (*People v Samuels*, 49 NY2d 218, 221). Even where a criminal action may not have formally commenced, court-ordered procedures—including an ordered release for visitation of crime scenes by a suspect already incarcerated on another charge (*see, People v Sugden*, 35 NY2d 453) and an ordered release of a suspect to participate in a line-up (*see, People v Coleman*, 43 NY2d 222)—have been recognized as "significant judicial activity" triggering a person's right to counsel. There was no judicial activity in this case at the time the blood was drawn.

Here, the sergeant ordered the blood alcohol test pursuant to the implied consent provision of Vehicle and Traffic Law § 1194. Under that statutory authority, "[a] motorist is deemed to have consented to the administration of a blood alcohol test provided that there [are] reasonable grounds to believe that such individual was driving while intoxicated and the test was administered 'within two hours after such person has been placed under arrest for any such violation'" (*People v Hart*, 266 AD2d 698, 699, *lv denied* 94 NY2d 880, quoting Vehicle and Traffic

Law § 1194 [2] [a] [1]). It has been recognized that the necessity of a formal arrest prior to a blood test may be "vitiated by [a] defendant's unconscious and delirious condition" (*People v Bagley*, 211 AD2d 882, 883, *lv denied* 86 NY2d 779; *see, People v Goodell*, 79 NY2d 869; *People v Hart, supra*). Notably, the Court of Appeals has held that "a defendant who has been arrested for [DWI], but not yet formally charged in court, generally has the right to consult with a lawyer before deciding whether to consent to a sobriety test, if he requests assistance of counsel" (*People v Shaw*, 72 NY2d 1032, 1033-1034). However, a request by police that defendant consent to a chemical test is "not a critical stage in the proceedings within the meaning of the Sixth Amendment because no judicial proceedings had been initiated against * * * defendant at [the] time" (*id.*, at 1033). Here, the blood alcohol test was not court ordered and the statutory authority to perform such a test is not deemed to be judicial intervention. Consequently, defendant's right to counsel did not attach upon the drawing and testing of his blood.

Additionally, defendant was not in custody and, thus, had no right to counsel at the time that he made the pre-*Miranda* statements to police. Notably, defendant went to the Sheriff's Department of his own accord to retrieve his personal belongings. Once there, the lieutenant asked defendant where he had been prior to the accident, to which defendant responded that he had been at a park drinking beer and that prior to leaving his house to go to the park he had consumed beer. Inasmuch as there was no evidence that defendant was not free to leave or was coerced in any manner, defendant was not in custody and *Miranda* warnings were not required (*see, People v Bolarinwa*, 258 AD2d 827, 828-829, *lv denied* 93 NY2d 1014). Immediately following defendant's statement, the lieutenant advised him of his *Miranda* rights, defendant waived his right to counsel and provided the police with a written statement. Thereafter, defendant was issued two uniform traffic tickets, obtained his belongings and left the Sheriff's Department.

Finally, we reject defendant's assertion that the *Miranda* warnings were inadequate. After the lieutenant advised defendant of his *Miranda* rights he asked, *inter alia*, "are you willing to answer my questions" rather than the customary "are you willing to answer my questions *without an attorney*." As this language did not render the *Miranda* warnings inadequate, we find that defendant was properly apprised of and waived his right to counsel (*see, People v Anderson*, 146 AD2d 638, *lv denied* 74 NY2d 660). As such, defendant's motion to suppress his oral and written statements was properly denied.

Cardona, P. J., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.