Appeal from an order of the Supreme Court, Cayuga County (Thomas M. VanStrydonck, J.), entered December 17, 2007. The order, insofar as appealed from, granted that part of defendant’s motion seeking dismissal of the second count of the indictment and dismissed that count of the indictment.
It is hereby ordered that the order so appealed from is unanimously affirmed.
*1307 Memorandum: The People appeal from an order that, inter alia, granted that part of defendant’s motion seeking dismissal of the second count of the indictment, charging defendant with manslaughter in the second degree (Penal Law § 125.15 [1]), on the ground that it was not supported by legally sufficient evidence (see CPL 210.20 [1] [b]). The six-count indictment also charged defendant with, among other crimes, criminally negligent homicide (Penal Law § 125.10), based on allegations that he Operated a motor vehicle at an excessive rate of speed after having consumed alcohol and crashed into a tree, “thereby causing the death of [decedent], a backseat passenger in said vehicle.” The count charging defendant with manslaughter in the second degree alleges that defendant recklessly caused the death of decedent by leaving him in the vehicle without seeking medical or emergency assistance before he was found dead approximately four hours later. We affirm, although our reasoning differs from that of Supreme Court.
On a motion to dismiss an indictment or one or more counts therein based on the alleged legal insufficiency of the evidence before the grand jury, the court must determine whether there is “competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission thereof” (CPL 70.10 [1]; see People v Jensen, 86 NY2d 248, 251-252 [1995]; People v Watson, 32 AD3d 1199 [2006], lv denied 7 NY3d 929 [2006]; CPL 190.65). It is irrelevant whether “other, innocent inferences could possibly be drawn from the facts . . . , as long as the Grand Jury could rationally have drawn the guilty inference” (People v Deegan, 69 NY2d 976, 979 [1987]; see People v Bello, 92 NY2d 523, 525-526 [1998]), and “the court is not to weigh the proof or examine its adequacy” (People v Galatro, 84 NY2d 160, 164 [1994]). The elements of manslaughter in the second degree under Penal Law § 125.15 (1) are “the creation of a substantial and unjustifiable risk; an awareness of and disregard of the risk on the part of defendant; and a resulting death” (People v Licitra, 47 NY2d 554, 558 [1979], rearg denied 53 NY2d 938 [1981]). Thus, causation is “ ‘an essential element which the People must prove beyond a reasonable doubt’ ” (People v Phippen, 232 AD2d 790, 791 [1996], quoting People v Stewart, 40 NY2d 692, 697 [1976]).
Here, the evidence before the grand jury on causation was legally insufficient. That evidence consisted of the testimony of the Deputy Medical Examiner, who opined that the cause of decedent’s death was swelling of the brain resulting from head injuries caused by the motor vehicle accident. The Deputy Medical Examiner further testified that the brain swelling and result *1308 ing death occurred “over time,” that decedent survived the accident for “a period of minutes,” and that “it took certainly longer than two to three minutes and most likely less than an hour” for death to occur. According to the opinion of the Deputy Medical Examiner, decedent might have survived had he received “appropriate surgical or medical intervention” within that time frame. There is no doubt that, if decedent’s death occurred near the beginning of the established time frame, timely surgical or medical intervention could not have been rendered even if defendant had immediately reported the accident, and thus there would be no basis for a finding of causation. Moreover, there is no basis in the evidence from which a jury could infer based on the testimony of the Deputy Medical Examiner that death occurred either near the beginning or near the end of that time frame. Thus, the determination that defendant’s failure to secure medical or emergency assistance caused the death of decedent would necessarily be based on “impermissible speculation” and could not rationally be inferred by the grand jury based on the evidence before it (People v Jackson, 65 NY2d 265, 272 [1985]; see generally People v Calabria, 3 NY3d 80, 82 [2004]; Matter of Anthony M., 63 NY2d 270, 280-281 [1984]).
We further conclude that, in any event, the People failed to establish that decedent could have received medical or surgical intervention by the end of the Deputy Medical Examiner’s time frame. The grand jury testimony establishes that the emergency personnel responding to the accident scene could not have administered the appropriate medical intervention. In addition, the People failed to offer any evidence concerning the amount of time required to enable emergency personnel to extricate decedent from the motor vehicle upon their arrival 20 to 30 minutes after the 911 call, nor did they offer any evidence concerning the location of the nearest hospital or whether the drug used to reduce brain swelling was available at that hospital. Present—Hurlbutt, J.P., Smith, Green, Pine and Gorski, JJ.