■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
DUSTIN H. HALE, Appellant. [48 NYS3d 159]—

Appeal by the defendant from a judgment of the County
Court, Dutchess County (Greller, J.), rendered October 10,
2014, convicting him of aggravated vehicular homicide and
manslaughter in the second degree (two counts), upon a jury
verdict, and imposing sentence. The appeal brings up for review
the denial, after a hearing, of that branch of the defendant's
omnibus motion which was to suppress the results of a blood
test.

Ordered that the judgment is affirmed.

The defendant was convicted of aggravated vehicular homi-
cide and two counts of manslaughter in the second degree
following an automobile crash that resulted in the deaths of
two of his passengers. The County Court properly denied sup-
pression of evidence relating to the marijuana content in the
defendant's blood. The police obtained and tested the defend-
ant's blood in accordance with Vehicle and Traffic Law § 1194
(2) (a) (1) (*see People v Goodell*, 79 NY2d 869, 870-871 [1992]).
Contrary to the defendant's contention, the police did not
violate his constitutional rights by obtaining his blood without
a warrant while he was unconscious in the hospital because
the hours-long delay between the crash and the time when the
police were first able to obtain the defendant's blood constituted
exigent circumstances (*see id*. at 870-871; *People v Kates*, 53
NY2d 591, 594-595 [1981]; *People v LeRow*, 70 AD3d 66, 74
[2009]; *People v Dombrowski-Bove*, 300 AD2d 1122, 1123-1124
[2002]; *People v Hall*, 91 AD2d 1002, 1003 [1983], *affd* 61 NY2d
834 [1984]).

Viewing the evidence in the light most favorable to the
prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find
that it was legally sufficient to establish the defendant's guilt
of aggravated vehicular homicide (Penal Law § 125.14 [4]) and
two counts of manslaughter in the second degree (Penal Law
§ 125.15 [1]) beyond a reasonable doubt (*see People v Gallo*,
133 AD3d 1088, 1089-1090 [2015]). Additionally, in fulfilling
our responsibility to conduct an independent review of the
weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*,
9 NY3d 342 [2007]), we nevertheless accord great deference to
the jury's opportunity to view the witnesses, hear the testimony,
and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410

[2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643-644 [2006]).

The defendant's contention that he was deprived of a fair trial because of alleged prosecutorial misconduct during voir dire, direct examination of witnesses, and summation is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the prosecutor's statement during voir dire was not improper, as the jury could not have interpreted it as an instruction on the law because of the statement's content and the County Court repeatedly advised the jury that it would instruct them on the law (*see People v Din*, 62 AD3d 1023, 1024 [2009]). The prosecutor's elicitation of testimony from a detective as to the statements of a witness who testified earlier in the trial was not improper bolstering and did not call for hearsay because the testimony was offered for nonhearsay purposes (*see People v Arroyo*, 128 AD3d 843, 844-845 [2015]). The prosecutor's statement during summation referencing a witness' credibility was responsive to the defense counsel's summation (*see People v Rodriguez*, 207 AD2d 917 [1994]; *People v Torres*, 121 AD2d 663, 664 [1986]). To the extent that the prosecutor's other questions during the examination of the People's witnesses and statements during summation were improper (*see People v Pearson*, 29 AD3d 711, 711-712 [2006]), the questions and statements were not so pervasive or flagrant as to deprive the defendant of a fair trial (*see People v Creekmur*, 137 AD3d 1052, 1053 [2016]; *People v Wallace*, 123 AD3d 1151, 1152 [2014]).

There is no merit to the defendant's contention that he was deprived of the effective assistance of counsel. Defense counsel's failure to raise objections with little or no chance of success does not constitute ineffective assistance of counsel (*see People v Stultz*, 2 NY3d 277, 287 [2004]; *People v Friel*, 53 AD3d 667, 668 [2008]). The defendant failed to carry his burden of demonstrating that defense counsel's failure to object to other alleged prosecutorial misconduct had no strategic purpose or other legitimate explanation (*see People v Taylor*, 1 NY3d 174, 177 [2003]; *People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Rivera*, 71 NY2d 705, 709 [1988]). Finally, although the defendant identifies several instances where defense counsel failed to address objectionable statements, evidence, and testimony, viewing defense counsel's performance as a whole, the defendant was provided with meaningful representation (*see People v Walker*, 141 AD3d 678 [2016]; *People v Pringle*,

136 AD3d 1061, 1063 [2016]; *People v Myers*, 117 AD3d 755, 756 [2014]).

The County Court providently exercised its discretion in denying the defendant's application for youthful offender status given the manner in which the crime was committed, the recommendation in the presentence report, and the defendant's reckless conduct, which caused the death of two people (*see People v Driggs*, 24 AD3d 888, 889 [2005]). Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Balkin, J.P., Leventhal, Roman and LaSalle, JJ., concur.