■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STUART SHAPIRO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Hickman, J.), rendered August 23, 1985, convicting him of criminal possession of a controlled substance in the fourth degree and driving while impaired by drugs, upon a jury verdict, and imposing sentence. The appeal brings up for review, the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and certain statements made by him to the police.

Ordered that the judgment is affirmed.

We agree with the hearing court's conclusion that there was probable cause to arrest the defendant and that the seizure of physical evidence from the defendant's car was proper. The evidence adduced at the hearing established that the two arresting officers observed the defendant driving at erratic

speeds as well as swerving across a double yellow line. Upon pulling the defendant's vehicle over, the officers further observed that the defendant's pupils were dilated, his hair was "disheveled", his clothing was "mussed", and his behavior was "fidgety" and "jumpy". At the same time, Officer Castelli observed a vial containing white powder on the front seat of defendant's car. After engaging in conversation with the defendant and ascertaining that he was not ill, or under the influence of prescription medication, the officers concluded that the defendant's behavior bore the characteristic manifestations of cocaine influence and thus arrested him for driving while his ability was impaired by the use of drugs (Vehicle and Traffic Law § 1192 [4]).

With respect to the seizure of a second vial from the front seat of the defendant's car, the "plain view" doctrine is applicable. The relevant inquiry to be made here is whether or not the officer had a right to be in the position from which he made his observation (see, People v Class, 63 NY2d 491, 495, n 2, revd 475 US 106, on remand 67 NY2d 431). The credible testimony of both police officers established that, after the defendant had exited his vehicle, he expressed a desire to return to the car to shut off his lights and close the door. One of the officers offered to perform these tasks and then proceeded to do so. This response was an appropriate safety measure. To have allowed the drug-impaired defendant to return to the vehicle, from which the ignition keys had not yet been removed, would have put him in a position to either (1) flee the scene, (2) secure a weapon from the as yet unsearched interior, or, (3) destroy any contraband which, based on the defendant's condition, was likely to have been in the vehicle (see, People v Branigan, 67 NY2d 860). On this basis, we conclude that the officer had a right to be where he was when he observed the contraband. We note that it would appear that the seizure of that vial was also proper as incidental to a lawful arrest.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt of the crime of driving while his ability was impaired by the use of drugs (Vehicle and Traffic Law § 1192 [4]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict as to this crime was not against the weight of the evidence (see, CPL 470.15 [5]).

We reject the defendant's claim that the sentencing court improvidently exercised its discretion in considering informa-

tion contained in the probation report regarding unrelated drug charges pending against the defendant in Federal court. It is well established that courts may consider as evidence of a defendant's history not only prior offenses for which the defendant was convicted, but even offenses for which he has not been convicted (see, Williams v New York, 337 US 241, reh denied 337 US 961, 338 US 841; People v Whalen, 99 AD2d 883; People v Wright, 104 Misc 2d 911). As the sentence imposed upon the defendant was within the bounds of the applicable sentencing statute and not excessive under the circumstances of this case, we decline to disturb it (see, People v Farrar, 52 NY2d 302; People v Suitte, 90 AD2d 80).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Brown, Lawrence and Spatt, JJ., concur.