■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GILDERSLEEVE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered December 20, 1982, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Groh, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's conviction arises out of a robbery of a gas station in Queens on October 19, 1981. At two showups that evening, the complainant identified the defendant as one of the perpetrators. The defendant challenges the validity of both showups. The first showup was proper inasmuch as the defendant was arrested in the vicinity of the crime and the showup was conducted shortly after the crime to confirm or dispel the suspicion that the defendant was one of the perpetrators (see, People v Hicks, 68 NY2d 234; People v Brnja, 50 NY2d 366). However, we conclude that the second showup which was conducted at a police precinct was unduly suggestive. Besides the fact that the complainant had already identified the defendant in a showup that evening, there is no evidence of exigent circumstances which would justify a showup at a police station (see, People v Riley, 70 NY2d 523). Nevertheless, the People proved by clear and convincing evidence that the complainant had an independent basis for his in-court identification (see, People v Ballott, 20 NY2d 600; People v Jones, 125 AD2d 333, lv denied 69 NY2d 829). Moreover, we note that there was no testimony at the trial as to the improper second showup.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Lastly, although the court's initial charge failed to distinguish robbery in the second degree from robbery in the first degree, upon the jury's request the court adequately explained the difference between the two crimes and thus cured its initial defective instructions (see, People v Joseph AA., 92 AD2d 649; People v Santoro, 68 AD2d 939). Bracken, J. P., Eiber, Kooper and Harwood, JJ., concur.