■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE SALCEDO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered April 23, 1984, convicting him of murder in the second degree (two counts), kidnapping in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to object to the introduction at trial of evidence which allegedly referred to uncharged crimes. Therefore, the issue has not been preserved for appellate review (see, CPL 470.05 [2]). In any event, the defendant's contentions with regard to this issue either indicate that harmless error occurred (see, People v Crimmins, 36 NY2d 230, 241-242) or are without merit.

The defendant contends that his trial attorney did not provide effective assistance of counsel because he failed to impeach the credibility of a certain prosecution witness, failed

to seek to redact certain tape recordings and failed to present a coherent defense. Upon a review of the record, we find that the defendant was not denied meaningful representation (see, People v Baldi, 54 NY2d 137, 147). Defense counsel cross-examined the People's witness and elicited information tending to impeach his credibility. Although one line of the tape recordings should have been redacted, the tapes were otherwise properly admitted and provided overwhelming proof of the defendant's guilt. It cannot be said that the failure to seek the redaction of that one sentence constituted ineffective assistance of counsel. The defense presented by counsel was a matter of trial strategy which does not afford a basis for reversal of the judgment of conviction.

The allegations contained in the defendant's supplemental pro se brief with respect to his claim of ineffective assistance of counsel are based on matters dehors the record and are more properly raised in a motion pursuant to CPL 440.10. Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.