■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

KEITH TAYLOR, Appellant.—Appeal by the defendant from three judgments of the Supreme Court, Kings County (Heller, J.), all rendered June 30, 1987, convicting him of attempted robbery in the first degree under indictment No. 2646/84, upon his plea of guilty, robbery in the first degree under indictment No. 2172/86, upon his plea of guilty, and robbery in the first degree under indictment No. 4069/86, upon his plea of guilty, and imposing sentences. The appeal from the judgment rendered under indictment No. 2172/86 brings up for review the denial of those branches of the defendant's omnibus motion under that indictment which were to suppress identification testimony and physical evidence.

Ordered that the judgments are reversed, on the law, the pleas are vacated and the matters are remitted to the Supreme Court, Kings County, for further proceedings consistent herewith. No questions of fact have been raised or considered.

On April 4, 1986, at approximately 6:50 P.M., Detectives Horton and Guerra saw a man in pursuit of two other men later identified to be the defendant and an accomplice. The man in pursuit informed the detectives that he had just observed the suspects rob a woman in front of his building. After entering the police vehicle, the witness spotted the suspects, who were subsequently apprehended.

Thereafter, at approximately 7:05 P.M., the police transported the victim from her home to the precinct, and asked her to view the two suspects. Looking through a one-way mirror, she separately immediately identified the suspects. The hearing court erred in refusing to suppress the showup identification procedure as the People failed to establish that a showup was warranted by exigent circumstances *(see, People v Riley,* 70 NY2d 523; *People v Gildersleeve,* 143 AD2d 361, 362; *People v Guillermo,* 137 AD2d 832). The People are entitled however, in view of the court's erroneous determination with respect to the issue of suggestiveness, to a reopened *Wade* hearing where they will be afforded the opportunity to demonstrate that the complainant's ability to identify the suspects was based on an independent source *(see, People v Crandall,* 69 NY2d 459; *People v Dodt,* 61 NY2d 408; *People v Moore,* 143 AD2d 1056).

We also note that because the arrest of the defendant was based on probable cause, that branch of the defendant's omnibus motion which was to suppress the physical evidence was properly denied *(see, People v Leung,* 68 NY2d 734).

Because the pleas of guilty under indictments Nos. 2646/84

and 4069/86 were conditioned upon the plea of guilty under indictment No. 2172/86, those pleas should also be vacated *(see, People v Clark,* 45 NY2d 432).

In light of our determination, we do not reach the defendant's remaining contentions. Mangano, P. J., Bracken, Kunzeman and Sullivan, JJ., concur.