■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MITCHELL YORK, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Naro, J.), rendered February 6, 1986, convicting him of robbery in the first degree, robbery in the second degree, burglary in the first degree, burglary in the second degree, assault in the second degree, criminal possession of a weapon in the fourth degree, and unlawful imprisonment in the second degree, under indictment No. 3038/85, upon a jury verdict, and imposing sentence, (2) a judgment of the same court rendered June 3, 1986, convicting him of robbery in the first degree (five counts), robbery in the second degree (five counts), burglary in the first degree (two counts), burglary in the second degree (two counts), criminal mischief in the fourth degree, and

unlawful imprisonment in the second degree, under indictment No. 2982/85, upon his plea of guilty, and imposing sentence, (3) a judgment of the same court, also rendered June 3, 1986, convicting him of burglary in the first degree, robbery in the first degree and robbery in the second degree, under indictment No. 3065/85, upon his plea of guilty, and imposing sentence, (4) a judgment of the same court, also rendered June 3, 1986, convicting him of attempted burglary in the second degree, under indictment No. 3636/85, upon his plea of guilty, and imposing sentence, and (5) a judgment of the same court, also rendered June 3, 1986, convicting him of robbery in the first degree and burglary in the first degree under indictment No. 3571/85, upon his plea of guilty, and imposing sentence.

Ordered that the judgments are affirmed.

The defendant failed to object to the introduction at the trial of indictment No. 3038/85 of evidence which allegedly referred to uncharged crimes. Therefore, the issue has not been preserved for appellate review (see, People v Salcedo, 150 AD2d 624; CPL 470.05 [2]).

We reject the defendant's claim that the Supreme Court improperly considered information contained in the probation report regarding unrelated crimes of a similar nature committed by the defendant. The court, in imposing sentence under indictment No. 3038/85, properly considered those pending indictments (see, People v Cunningham, 153 AD2d 700; People v Shapiro, 141 AD2d 577, 579). As the sentences imposed were within the bounds of the applicable sentencing statute and not excessive under the circumstances of the case, we decline to disturb them (see, People v Suitte, 90 AD2d 80).

We have considered the defendant's remaining contentions and find that they are without merit (cf., People v Clark, 45 NY2d 432; People v Taylor, 160 AD2d 966). Thompson, J. P., Sullivan, Harwood and Miller, JJ., concur.