■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered July 14, 1989, convicting him of robbery in the first degree, assault in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the verdict was against the weight of the evidence because of inconsistent and contradictory testimony by the People's witnesses concerning their description of the assailant and the vehicle used to escape from the crime scene. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Also without merit is the defendant's argument that he was denied potentially exculpatory information when the County Court, during the pretrial suppression hearing, curtailed cross-examination of an investigating police officer concerning the existence of other suspects (see, Brady v Maryland, 373 US 83). Defense counsel's attempts in this regard amounted to no more than an open-ended exploration of police investigatory

work, which the court properly precluded *(see, Moore v Illinois,* 408 US 786).

With respect to the sentence, we find that the County Court did not err when it considered information before it concerning a charge pending against the defendant in New Jersey *(see, People v York,* 162 AD2d 748; *People v Shapiro,* 141 AD2d 577). The defendant's contention that the sentencing court improperly considered the leniency he had received from prior sentencing Judges is without merit. Harwood, J. P., Eiber, Ritter and Copertino, JJ., concur.