■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER MCENIRY, Appellant. [659 NYS2d 487] —Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Goodman, J.), rendered March 19, 1996, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree, and operating a motor vehicle under the influence of drugs, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Wexner, J.) of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's contention that the drugs were illegally seized from his van and must therefore be suppressed is without merit. Upon the defendant's arrest, the police officer was authorized to enter the defendant's van, which had just collided with a police car and was extending into the street with its motor running (see, People v Shapiro, 141 AD2d 577). When the officer entered the van, the drugs and its container were in plain view. Since the officer was lawfully present in

the van and inadvertently saw the drugs, they were properly admitted under the plain view doctrine *(see, People v Shapiro, supra)*.

The defendant's contention that the evidence was insufficient to prove beyond a reasonable doubt that he had knowledge that he possessed more than one-half ounce of cocaine is unpreserved for appellate review *(see, People v Gray,* 86 NY2d 10; *People v Lawrence,* 85 NY2d 1002), and in any event, is without merit. The evidence established that the defendant carried the cocaine in two vials and a plastic bag, that it weighed over twice the statutory limit, and that he had prior dealings in the drug trade. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Miller, J. P., Sullivan, Joy and Altman, JJ., concur.