*90 OPINION OF THE COURT
Memorandum.
Order reversed upon the law, determination that there was no probable cause vacated, simplified traffic informations reinstated and matter remanded for determination de novo of defendant’s omnibus motion.
Defendant was charged in four separate simplified traffic in-formations with driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]), common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), leaving the scene of an incident without reporting (Vehicle and Traffic Law § 600 [1] [a]) and failure to stay within a traffic lane (Vehicle and Traffic Law § 1128 [a]). The instant appeal by the People is from an order which, after a pretrial hearing, determined that the accusatory instruments should be dismissed since there was no probable cause to believe defendant committed the offenses charged.
At the hearing, Officer Lewis of the City of Newburgh Police testified to having received a radio call on February 21, 2006 indicating that a 1999 Chevrolet station wagon was involved in a hit-and-run accident. Lewis responded and saw Officer Acampora conduct a traffic stop of such a vehicle as it pulled into a driveway. Upon alighting from his police car, Lewis walked over and observed that the stopped vehicle’s driver, defendant, had glassy eyes, slurred speech and the odor of alcohol on her breath. Lewis then radioed Officer Mucci to respond because she had training in testing for intoxication.
Officer Mucci testified that she responded and saw defendant standing outside a vehicle talking with officers. Defendant told Mucci that she was dropping off her mother and thought that her car had only hit a mirror on another vehicle. Defendant admitted to having had two glasses of wine. Defendant’s eyes were glassy and her breath had a strong odor of an alcoholic beverage. Mucci administered field sobriety tests (specifically described) which defendant failed. Defendant was taken to a police station where she was given Miranda warnings.
Initially we note that the issue of probable cause to arrest in and of itself does not warrant a dismissal of the information (People v Davidson, 9 Misc 3d 131[A], 2005 NY Slip Op 51593[U] [App Term, 9th & 10th Jud Dists 2005]). In any event, we are of the view that the court below erred in holding that there was insufficient evidence to establish probable cause that defendant committed the offenses. It has been observed that an admission, *91 even though it alone may not be sufficient to sustain a conviction, may be adequate to establish probable cause to uphold an arrest (31 NY Jur 2d, Criminal Law § 71, at 257; see Vehicle and Traffic Law § 1194 [1]; Matter of Van Tassell v New York State Commr. of Motor Vehs., 46 AD2d 984 [1974] [admission to officer investigating auto accident that person was “involved” in accident sufficient to show reasonable cause to believe that the defendant had been operating a vehicle before his arrest for driving while intoxicated]; see also People v Brown, 24 AD3d 884, 886 [2005] [“defendant’s admission of the presence of a crack pipe in the car provided probable cause for the entry into and search of the car for the pipe under the automobile exception to the warrant requirement”]). Here, there was credible evidence that defendant admitted to the police that she operated the vehicle, struck the mirror of another car and left the scene. Moreover, there was additional credible testimony that defendant displayed signs of intoxication and that she failed the field sobriety tests. These facts also support the arrest (see People v Ball, 141 AD2d 743, 744-745 [1988] [“After lawfully stopping the vehicle, Officer . . . had probable cause to arrest the defendant for driving while intoxicated based upon his physical appearance (bloodshot eyes, alcoholic breath and staggering gait), the defendant’s admissions that he had been drinking and the fact he failed a roadside alert test”]). Under the circumstances, we conclude that probable cause was established and the arrest was lawful.
We do not pass upon the issue of whether defendant’s initial statements should be suppressed as said issue has yet to be reached by the court below, and our review is limited to “any question of law or issue of fact involving error or defect in the criminal court proceedings which may have adversely affected the appellant” (People v Karp, 76 NY2d 1006, 1009 [1990] [internal quotation marks omitted]; see CPL 470.15 [1]). Nor do we pass upon the remaining branches of defendant’s omnibus motion.
Assuming arguendo that there was a lack of probable cause to arrest or that suppression of the evidence was warranted, the court below was, in any event, without authority to dismiss the accusatory instruments, because the determination of whether sufficient evidence remained to continue with the prosecution was a matter for the People to determine (People v Smedman, 184 AD2d 600, 603-604 [1992]; People Davidson, 9 Misc 3d 131[A], 2005 NY Slip Op 51593[U] [2005], supra). Contrary to *92 the contention by defendant on appeal, the dismissal of the simplified traffic informations cannot be upheld upon interest of justice grounds, since the dismissal order does not reveal that the court below considered the factors set forth in CPL 170.40 (see People v Berrus, 1 NY3d 535, 536 [2003]; People v Active Outdoor, 2 Misc 3d 136[A], 2004 NY Slip Op 50232[U] [App Term, 2d & 11th Jud Dists 2004]).
Rudolph, EJ., LaCava and Emerson, JJ., concur.