OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, reversed, on the law, the branch of defendant’s motion which was to suppress evidence of defendant’s refusal to submit to a chemical test of her blood as the fruit of an arrest effected without probable cause denied, accusatory instrument charging defendant with driving while ability impaired by drugs reinstated, and matter remanded to the District Court for a determination of the remaining branch of defendant’s motion, which was to suppress evidence of her refusal to submit to a chemical test of her blood as obtained in violation of the requirements of Vehicle and Traffic Law § 1194.
At the combined probable cause, Huntley and refusal hearing, the arresting officer testified that he stopped defendant after observing defendant’s automobile, on Montauk Highway, travel over the solid line bordering the shoulder, to the extent of half the vehicle’s width, twice in a 10-to-20-second period. When defendant lowered her window, the officer detected a strong odor of marihuana emanating from the vehicle. The officer asked defendant to explain the source of the odor, and defendant, who exhibited bloodshot eyes, replied that she had “just smoked weed” (marihuana). Following her arrest for operating a motor vehicle while ability impaired by drugs (Vehicle and Traffic Law *32 § 1192 [4]) and failure to maintain a lane (Vehicle and Traffic Law § 1128 [a]), defendant refused to submit to a chemical analysis of her blood.
The District Court denied suppression of defendant’s statement that she had “just smoked weed” as noncustodial and voluntary. It concluded, however, that the People had failed to establish probable cause for defendant’s arrest in that defendant’s erratic operation established only an impairment of the ability to operate a motor vehicle but not the “substantial impairment” which, it found, was required where the impairing agent is marihuana. The court, in effect, suppressed the evidence of defendant’s refusal to submit to a chemical test as the fruit of an arrest effected without probable cause, declined to reach the issue of whether the refusal was obtained in compliance with the requirements of Vehicle and Traffic Law § 1194 as moot, and dismissed the accusatory instrument alleging the Vehicle and Traffic Law § 1192 (4) violation.
As the statutory prohibitions with respect to operating a motor vehicle while ability impaired by alcohol (Vehicle and Traffic Law § 1192 [1]) and while ability impaired by drugs (Vehicle and Traffic Law § 1192 [4]) are identical as to the degree of impairment constituting the offense, the People were required to establish only that there was probable cause to infer that defendant’s ability to operate a motor vehicle was impaired “to any extent” (People v Cruz, 48 NY2d 419, 427 [1979]; see People v Rossi, 163 AD2d 660, 662 n [1990]). The proof of defendant’s erratic operation sufficed to satisfy this element of the offense (e.g. People v Guglielmo, 13 Misc 3d 138[A], 2006 NY Slip Op 52224[U] [App Term, 9th & 10th Jud Dists 2006]). With respect to the marihuana identification, the arresting officer testified that he had undergone “DWI” and drug training, which included instruction in recognizing “signs that would indicate a person was potentially driving under the influence of drugs,” that he had made numerous arrests for marihuana related offenses, and that he was familiar with the smell of marihuana from past experience (see People v Badger, 52 AD3d 231, 232 [2008] [characterizing the odor of marihuana as “distinctive”]). Given defendant’s erratic operation of the vehicle, her bloodshot eyes, and her admission that she had “just smoked” marihuana, which confirmed the officer’s impression that the strong odor emanating from her car was of marihuana, there was probable cause to arrest defendant for violating Vehicle and Traffic Law § 1192 (4).
*33 In any event, the trial court “lacked authority to dismiss an accusatory instrument for lack of probable cause to arrest or by reason of the loss of evidence suppressed upon such a determination” (People v Davidson, 9 Misc 3d 131[A], 2005 NY Slip Op 51593[U], *1 [App Term, 9th & 10th Jud Dists 2005]; see e.g. People v Douglass, 60 NY2d 194, 204-205 [1983]; People v Aiken, 251 AD2d 339 [1998]). Whether there remains sufficient proof to continue a prosecution after the suppression of evidence is a matter for the People to decide (People v Smedman, 184 AD2d 600, 603-604 [1992]; People v Asher, 16 Misc 3d 89, 91 [App Term, 9th & 10th Jud Dists 2007]).
Accordingly, the order is reversed, insofar as appealed from, the branch of defendant’s motion seeking to suppress evidence of defendant’s refusal to submit to a chemical test of her blood as the fruit of an arrest effected without probable cause is denied, the accusatory instrument charging driving while ability impaired by drugs is reinstated, and the matter is remanded to the District Court for a determination of the remaining branch of defendant’s motion, i.e., to suppress the refusal evidence as obtained in violation of the requirements of Vehicle and Traffic Law § 1194, and for all further proceedings thereon.
Molía, J.E, Scheinkman and LaCava, JJ., concur.