■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSEPH JACOB, Respondent. [917 NYS2d 304]—

Appeal by the People from so much of an order of the Supreme Court, Nassau County (St. George, J.), dated November 30, 2009, as, after a hearing pursuant to a stipulation in lieu of motions, suppressed physical evidence.

Ordered that the order is reversed insofar as appealed from, on the law, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings on the indictment.

The defendant was charged with, inter alia, operating a motor vehicle while under the influence of drugs and reckless driving. At a suppression hearing, testimony demonstrated that the defendant was found by police officers in the driver's seat of a vehicle at the scene of an accident which involved two other vehicles. The evidence at the hearing also demonstrated that the defendant told a police officer that "he took some Xanax, approximately 60 of them." When the police officer asked

whether he had misheard the defendant, the defendant confirmed his statement two more times. After answering, the defendant appeared to "drift off," and later responders to the scene described the defendant as unconscious. This information was related to a fellow officer who then arrested the defendant for operating a motor vehicle while under the influence of drugs in violation of Vehicle and Traffic Law § 1192.

The Supreme Court concluded that the testimony of the police officers adduced at the suppression hearing, which it credited, was insufficient to establish the existence of probable cause to arrest the defendant. Accordingly, it suppressed physical evidence recovered subsequent to the defendant's arrest. This was error.

"Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been . . . committed" and that the person being arrested committed the crime or offense (*People v Bigelow*, 66 NY2d 417, 423 [1985]; *see People v Francis*, 44 AD3d 788, 789 [2007]). "[A] police officer can make a lawful arrest even without personal knowledge sufficient to establish probable cause, so long as the officer is acting upon the direction of or as a result of communication with a fellow officer or another police agency in possession of information sufficient to constitute probable cause for the arrest" (*People v Ketcham*, 93 NY2d 416, 419 [1999] [internal quotation marks omitted]; *see People v Rodriguez*, 70 AD3d 729 [2010]; *People v Grier*, 47 AD3d 729, 730 [2008]).

In this case, after consideration of all of the evidence credited by the Supreme Court, including the testimony of the arresting officer, who properly relied on the information provided to him by his fellow officer that the defendant admitted to taking 60 Xanax pills, we conclude that the defendant's arrest was supported by probable cause, and therefore the physical evidence recovered pursuant thereto should not have been suppressed (*see People v Tin P. Chu*, 8 AD3d 399 [2004]; *People v McClaney*, 135 AD2d 901, 902-903 [1987]; *see generally People v Bigelow*, 66 NY2d at 423). Skelos, J.P., Dickerson, Belen and Lott, JJ., concur. **[Prior Case History: 25 Misc 3d 1235(A), 2009 NY Slip Op 52419(U).]**