The People of the State of New York, Appellant,
against
John M. Lucas, Respondent.



Appeal from an order of the Justice Court of the Town of Southampton, Suffolk County (Edward D. Burke, J.), dated August 6, 2014. The order granted the branch of defendant's motion seeking to suppress evidence obtained as a result of defendant's allegedly unlawful arrest, and dismissed an accusatory instrument charging him with driving while ability impaired by drugs.




ORDERED that the order is reversed, on the law, the branch of defendant's motion seeking to suppress evidence obtained as a result of defendant's allegedly unlawful arrest is denied, the accusatory instrument is reinstated, and the matter is remitted to the Justice Court for a determination of the remaining branch of defendant's motion to suppress, based on an alleged denial of his right to counsel, and for all further proceedings.
Defendant was charged, in a misdemeanor information, with driving while ability impaired by drugs (Vehicle and Traffic Law § 1192 [4]). He was separately charged, in a simplified traffic information, with speeding (Vehicle and Traffic Law § 1180 [d]), which charge is not at issue on this appeal.
Defendant moved to suppress "all evidence and information procured through the questioning, testing and observation of the defendant while he was in custody at Southampton Police Headquarters." At a "probable cause" hearing, a police officer testified that, at approximately 12:15 a.m. on June 24, 2012, he had observed defendant driving a vehicle at a speed of 51 miles per hour in an area where the speed limit was 30 miles per hour. The officer stopped defendant's vehicle. The officer detected the odor of alcohol on defendant's breath. Defendant's speech was slurred, and his eyes appeared bloodshot and glassy. After defendant failed several field sobriety tests, the officer arrested defendant on a charge of driving while intoxicated. However, when defendant was given a breathalyzer test, his blood alcohol content was 0.00. Defendant was subsequently charged with driving while ability impaired by drugs, after undergoing a "drug influence evaluation."
After the hearing, the Justice Court concluded that defendant was lawfully stopped for speeding and driving while intoxicated. However, the court found that the arrest for driving while ability impaired by drugs was not based on probable cause. The court thus determined that "[t]he arrest is suppressed," and dismissed the accusatory instrument charging defendant with driving while ability impaired by drugs. The court, "viewing the evidence or lack thereof in the light most favorable to the prosecution," found "that it will not be legally sufficient to establish the defendant's guilt beyond a reasonable doubt," and "upon the exercise of [its] factual review power," the court was "satisfied that a verdict of guilt will be against the weight of the evidence," citing CPL 470.15 (5).
The "legality of an arrest . . . is not conditioned upon whether the arresting officer specified the correct subdivision of Vehicle and Traffic Law § 1192, or upon his belief as to which subdivision had been violated. All that is required is that [the arresting officer] have had [*2]reasonable cause to believe that defendant had violated Vehicle and Traffic Law § 1192" (People v Hilker, 133 AD2d 986, 987-988 [1987]; see People v Gramajo, 49 Misc 3d 131[A], 2015 NY Slip Op 51435[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; People v Andrews, 30 Misc 3d 133[A], 2010 NY Slip Op 52357[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]; People v Gingras, 22 Misc 3d 22, 24 [App Term, 2d Dept, 9th & 10th Jud Dists 2008] [state trooper properly arrested the defendant for a violation of Vehicle and Traffic Law § 1192, "irrespective of the particular offenses ultimately charged"]). Based on the odor of alcohol emanating from defendant's breath, his slurred speech and bloodshot and glassy eyes, and his failure to properly perform field sobriety tests, the officer had probable cause to arrest defendant on a charge of driving while intoxicated, even though defendant was ultimately charged with driving while ability impaired by drugs. Thus, the Justice Court improperly granted suppression of evidence on the basis that there was no probable cause for defendant's arrest.
In any event, the Justice Court could not "order dismissal as a consequence of suppression" (People v Yendo, 30 Misc 3d 135[A], 2011 NY Slip Op 50140[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; People v Davidson, 9 Misc 3d 131[A], 2005 NY Slip Op 51593[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2005]). Whether there is sufficient proof to continue a prosecution after the suppression of evidence is a matter for the People to decide (see People v Smedman, 184 AD2d 600, 603-604 [1992]; People v McDonnell, 27 Misc 3d 56, 59 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]; People v Davis, 23 Misc 3d 30, 33 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]; People v Asher, 16 Misc 3d 89, 91 [App Term, 2d Dept, 9th & 10th Jud Dists 2007]). Moreover, to the extent that the Justice Court, after the suppression hearing, cited CPL 470.15 (5) in support of its determination, we note that this section authorizes only an intermediate appellate court to reverse a judgment of conviction rendered after a trial on the ground that a verdict of guilt was against the weight of the evidence; it does not apply to a trial court.
Defendant's other basis to suppress evidence, as set forth in his motion papers, was that he was denied his right to counsel, which alternate theory was not addressed by the Justice Court. This court thus cannot pass on that branch of defendant's motion (see People v Nicholson, 26 NY3d 813 [2016]; People v Concepcion, 17 NY3d 192 [2011]; People v LaFontaine, 92 NY2d 470 [1998]).
Accordingly, the order is reversed, the branch of defendant's motion seeking to suppress evidence obtained as a result of defendant's allegedly unlawful arrest is denied, the accusatory instrument is reinstated, and the matter is remitted to the Justice Court for a determination of the remaining branch of defendant's motion to suppress, based on an alleged denial of his right to counsel, and for all further proceedings.
Garguilo, J.P., and Brands, J., concur.
Iannacci, J., dissents in part and concurs in part in a separate memorandum.
Iannacci, J., dissents in part and concurs in part and votes to modify the order by vacating so much thereof as dismissed the accusatory instrument, in the following memorandum:
I respectfully disagree with the majority's determination that there was sufficient probable cause to arrest defendant. However, I agree with the majority that the Justice Court should not have dismissed the information.
On February 25, 2013, defendant filed a motion to suppress statements and evidence pursuant to CPL article 710. The following testimony was elicited at the suppression hearing:
On June 24, 2012 at 12:17 a.m., defendant John Lucas, age 67, was stopped for excessive speed on Noyac Road in Southampton. East Hampton Police Officer Coleman testified that he detected the odor of an alcoholic beverage on defendant's breath. However, on the "Report of Refusal to Submit to Chemical Test," Officer Coleman noted that defendant was arrested at 12:28 a.m. on a charge of violating Vehicle and Traffic Law § 1192 for operating a vehicle while ability impaired by the use of a drug and that Officer Coleman had reasonable grounds to make the arrest based on information indicating vehicle operation: "Speed in zone 51 to 30." Under Section B of the form, which states as follows: "impairment or intoxication give details (such as [*3]poor coordination, alcoholic beverage odor, etc.)." Officer Coleman wrote, "Irate, blank stare, unsteady feet, glassy eyes." He did not state alcoholic beverage odor.
Officer Coleman's field sobriety test notes further indicate that defendant was stopped at 12:17 a.m. and was barefoot during the test. There was no mention in his notes of a smell of alcohol. According to the misdemeanor information, Officer Coleman stated that "defendant performed poorly on field sobriety tests. Defendant was transported to the Southampton Town Police Headquarters where he refused further sobriety testing and refused a urine test." Yet, a breathalyzer test was performed at headquarters at 12:58 a.m. and defendant yielded a 0.00.
Officer Coleman further testified that there were four other people in the vehicle with defendant. On cross-examination, Officer Coleman did not recall that there were only three other people with defendant, his wife of 40 years and his brother and sister-in-law. Nor did Officer Coleman recall that defendant was coming from a 70th birthday party in Oyster Bay.
On cross-examination, Officer Coleman testified that defendant informed him that defendant suffered from a back injury as a result of a fork lift accident where defendant was crushed underneath a forklift and broke his back. However, Officer Coleman did not recall defendant telling him that, ever since the injury, he walks "funny."
Also on cross-examination, it was established that Officer Coleman noted on official paperwork that the incident had occurred at the cross street at Hampton Road, yet the arrest occurred at the intersection of Deerfield Avenue a couple of miles away from the location in the official paperwork.
Officer Coleman also testified that there were no lights on when he performed his field sobriety test and that the roadway has no street lights. Noyac Road has two lanes, one heading east and the other west, with a double yellow line in the middle, and the shoulder consisted of a small white line with maybe a foot or so of pavement.
According to Officer Coleman, he formed an opinion as to defendant's sobriety. It was that he was intoxicated, based on the odor of alcohol when he first approached the vehicle, that defendant couldn't stand up outside the vehicle, and defendant's failure to perform the field sobriety tests.
The Department of Motor Vehicle's Refusal Hearing was scheduled for February 6, 2013, after two prior adjournments, neither at defendant's request. However, since Officer Coleman failed to appear, the refusal charges were dismissed with full restoration of defendant's driver's license.
In addition, the defense attorney is defendant's son-in-law. His wife, defendant's daughter, is also an attorney. They both were at defendant's home in Noyac when defendant was arrested, and they both arrived at Southampton Police Headquarters at 1:05 a.m. They were told that defendant was being processed, and they could not see defendant.
At 12:54 a.m., defendant consented to a breathalyzer test and requested an attorney. On the Drug Influence Report under the "Chemical Test Section," defendant consented to a breath test and signed the section. Under the "Warnings" section, the officer noted that defendant's response was "Yes" to #3, "You have the right to talk to a lawyer right now and have him present with you while you are being questioned." Under the warnings section, it states: "if defendant wishes an attorney, indicate efforts made to contact one, including phone numbers, time called attorney, defendant's name, etc.," yet this section was blank. Under the "Drug Influence Report" for the Urine Test, defendant refused and again no attorney's name is listed under "Warnings" section.
In the Refusal to Submit to Chemical Testing form, the time of arrest is listed as 12:28 a.m. and the time of refusal was 2:35 a.m., 2 hours and 7 minutes after the arrest. It was noted that defendant wanted an attorney.
Again, at 2:33 p.m., on the Drug Influence Evaluation, it is noted that defendant asked to call his attorney. Eventually, at 3:30 a.m., defendant was allowed to call his attorney, his son-in-law, and after speaking to his lawyer defendant agreed to submit to a urine test, but he was declined. Six hours after defendant's arrest, at his arraignment, defendant's attorney offered to [*4]have defendant submit to any drug screening the police or prosecutor wished and his offer was also declined.
The Justice Court granted the motion to suppress and dismissed the information.
Great deference is given to determinations of the hearing court following a full suppression hearing and will only be disturbed if clearly unsupported by the record (see People v Kelly, 131 AD3d 484 [2015], citing People v Hobson, 111 AD3d 958 [2014]; see also People v Prochilo, 41 NY2d 759 [1977]). Here, based upon the inconsistencies of Officer Coleman's testimony at the suppression hearing, the Justice Court's determination was not clearly unsupported.
Accordingly, I would affirm so much of the order as granted the branch of defendant's motion seeking to suppress evidence obtained and remit the matter to the Justice Court for all further proceedings.
Decision Date: August 02, 2016