The People of the State of New York, Appellant,
against
Piotr Koszko, Respondent.




Nassau County District Attorney, W. Thomas Hughes, Esq., for appellant.
Lynn, Gartner, Dunne & Covello, LLP (Kenneth L. Gartner, Esq.), for respondent.

Appeal from an oral order of the District Court of Nassau County, First District (Douglas J. LeRose, J.), issued February 4, 2015. The order, after a hearing, granted defendant's motion to suppress evidence.




ORDERED that the order is affirmed.
The People charged defendant, in a simplified traffic information, with driving while ability impaired by drugs (see Vehicle and Traffic Law § 1192 [4]). At a suppression hearing, the arresting officer testified that, at about 9:30 p.m. on March 5, 2014, after receiving a radio dispatch to investigate a traffic accident on Sunrise Highway in Massapequa, he had observed a vehicle that had struck another vehicle in a left-turn lane with sufficient force to seriously damage the first vehicle's front end. Defendant, the sole occupant of the first vehicle, proved unable to respond to the officer's questions and required assistance to exit his vehicle and to enter an ambulance. Defendant exhibited none of the indicia of alcoholic beverage consumption. While the officer was at the scene, two motorists approached him and accused defendant of appearing to be "intoxicated," and a third motorist stated that, prior to the accident, she had observed defendant's vehicle being operated erratically, unable to maintain a lane and traveling on the grassy center median before reentering the roadway and colliding with another vehicle in the turning lane. A portable breath test proved negative for the presence of alcohol. Defendant was assisted to enter an ambulance, and, after he proved unable to perform a horizontal gaze nystagmus (HGN), defendant was arrested, en route to the hospital.
By the time defendant arrived at the hospital, he had recovered from his disorientation, and was speaking clearly, responding to questions appositely, and appearing "mentally alert." Defendant waived his Miranda rights and consented to be questioned and to submit to a blood alcohol test. He admitted that he had taken soma, a controlled substance (see Public Health Law § 3306 [IV] [c] [53]), within the hour prior to the accident, and that he had experienced an episode of blurriness. The blood test proved positive for the presence of carisoprodol (soma) as well as estazolam and meprobamate, also controlled substances (see Public Health Law § 3306 [IV] [c] [15], [30]). Additional field sobriety tests were administered at the hospital, the results of which were not reported at the hearing. The arresting officer acknowledged that he had not received training in the recognition of the effects of drug ingestion. Following the hearing, the District Court granted defendant's motion to suppress his statements, the blood test, and the results of the physical coordination tests, concluding that defendant's arrest had been without probable cause. The People appeal, and we affirm.
At a suppression hearing, it is the People's burden to come forward with evidence establishing, in the first instance, that the challenged conduct was legal (see People v Berrios, 28 NY2d 361, 367 [1971]; People v Malinsky, 15 NY2d 86, 91 n 2 [1965]; People v Abdul-Mateen, 126 AD3d 986, 987 [2015]), whereupon it becomes defendant's "ultimate burden of proving that the evidence should not be used against him" (People v Berrios, 28 NY2d at 367; see also People v Barsukov, 47 Misc 3d 152[A], 2015 NY Slip Op 50895[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Since the People were required to prove that there was probable cause for defendant's arrest, they were required to show that when defendant was arrested in the ambulance en route to a hospital, it was more probable than not that he exhibited "actual[] impair[ment], to any extent, [of] the physical and mental abilities which [a person] is expected to possess in order to operate a vehicle as a reasonable and prudent driver" (People v Cruz, 48 NY2d 419, 427 [1979]), and that the impairment resulted from the ingestion of a drug listed in Public Health Law § 3306 (see Vehicle and Traffic Law § 114-a). " [C]onduct equally compatible with guilt or innocence will not suffice' " (People v Vandover, 20 NY3d 235, 237 [2012], quoting People v Carrasquillo, 54 NY2d 248, 254 [1981]). 
The proof of defendant's appearance and conduct at the accident scene established an impairment of the cognitive and physical functioning necessary for reasonable and prudent operation of a motor vehicle, and the circumstances of the accident "may be construed to circumstantially suggest diminished motor control or impaired driving judgment by reason of [drug] consumption" (People v Maher, 52 Misc 3d 136[A], 2016 NY Slip Op 51043[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). There was no evidence of alcohol consumption, and the arresting officer, whose professional experience included hundreds of driving-while-intoxicated investigations and arrests, could not attribute defendant's appearance and demeanor at the accident scene to the effects of alcohol consumption. Indeed, it was the absence of such indicia that apparently persuaded him that the ingestion of a controlled substance was necessarily the cause. However, "[t]he assessment of whether there was probable cause for the arrest of an individual is to be made . . . upon consideration of all the relevant objective facts known to the officer; the subjective beliefs of the officer do not control the determination" (People v Cooper, 38 AD3d 678, 679 [2007]).
While the accounts of identified witnesses to the operation of a defendant's vehicle prior [*2]to the accident may also support an inference of impaired operation (e.g. People v Whelan, 165 AD2d 313, 315-316 [1991]; see People v Parris, 83 NY2d 342, 350 [1994]; People v Dombrowski-Bove, 300 AD2d 1122, 1124 [2002]), here, they added little to what could be inferred from the accident itself—that defendant's ability to drive his car was actually impaired "to [some] extent,"—and nothing with respect to whether the cause of that impairment was the ingestion of a drug listed in Public Health Law § 3306. Thus, the arresting officer had no basis to believe that the ingestion of a drug listed in Public Health Law § 3306 (see Vehicle and Traffic Law § 114-a) was the cause of defendant's erratic driving prior to the accident, or of the accident, or of defendant's accident scene behavior, or of the results of the HGN test. Absent from the suppression hearing was evidence of a pre-arrest admission (see People v Jacob, 81 AD3d 977, 978 [2011]; People v Rossi, 163 AD2d 660, 661 [1990]; People v Dimiceli, 27 Misc 3d 84, 85 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]), physical evidence of drug use, such as actual possession of drugs or associated paraphernalia (see People v Bohacek, 95 AD3d 1592, 1594 [2012]; People v Shapiro, 141 AD2d 577, 578 [1988]), pre-arrest toxicological evidence (see People v Ortiz, 6 Misc 3d 1024[A], 2004 NY Slip Op 51821[U], *3-4 [Crim Ct, NY County 2004]), or even testimony by a trained observer as to the association between consumption of a drug listed in Public Health Law § 3306 and the physical manifestations of same (see People v Crandall, 255 AD2d 617, 618 [1998]; People v Shapiro, 141 AD2d at 578; People v Davis, 23 Misc 3d 30, 32 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]; People v Fortunato, 49 Misc 3d 1221[A], 2015 NY Slip Op 51831[U], *1 [Suffolk Dist Ct 2015]). While evidence obtained subsequent to the arrest may well have established the requisite quantum of proof, based on the record before us, the officer arrested defendant prematurely on reasonable suspicion which had not ripened to probable cause.
Accordingly, the order is affirmed.
Marano, P.J., Tolbert and Brands, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 05, 2017