People v Levine (2021 NY Slip Op 21197)

People v Levine

2021 NY Slip Op 21197 [72 Misc 3d 5]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 9th and 
10th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, September 29, 2021

[*1]

The People of the State of New York, Appellant,
v
David Levine, Respondent.

Supreme Court, Appellate Term, Second Department, 9th and 10th Judicial Districts, July 22, 2021

APPEARANCES OF COUNSEL

Joyce A. Smith, Acting District Attorney (Yael V. Levy and Kevin C. King of counsel), for appellant.
Collins Gann McCloskey & Barry PLLC (Marc C. Gann of counsel) for respondent.

{**72 Misc 3d at 6} OPINION OF THE COURT

Memorandum.

Ordered that the appeal from the order dated February 19, 2020, is dismissed as that order was superseded by the order dated May 12, 2020, made upon reargument; and it is further ordered that the order dated May 12, 2020, insofar as appealed from, is affirmed.
The People charged defendant, in a simplified traffic information, with, among other things, driving while ability impaired by drugs (see Vehicle and Traffic Law § 1192 [4]).
At a suppression hearing, the arresting officer testified that, at about 8:00 p.m. on May 14, 2018, after receiving a radio dispatch to investigate a traffic accident on Loop Parkway in Nassau County, he observed a vehicle that was turned onto its side on the right shoulder of Loop Parkway, with defendant, the sole civilian at the scene, seated in the back of an{**72 Misc 3d at 7} ambulance. Defendant refused any further medical treatment and was released by the first responders. Defendant informed the arresting officer that he was coming from a funeral in New Jersey and heading to his home in Long Beach when he lost control of his vehicle. The arresting officer testified that he observed that defendant had slurred speech, glassy bloodshot eyes and poor motor coordination. Defendant denied consuming any alcoholic beverages.
[*2]
The officer further testified that defendant performed standardized field sobriety tests (SFSTs) and exhibited six clues of impairment on the horizontal gaze nystagmus test. During the nine-step walk and turn test, with his arm in a sling, defendant displayed seven out of eight possible clues of impairment. Upon the one-leg stand test, defendant exhibited three out of four possible clues for impairment. Following the completion of these tests, defendant was arrested.
The officer testified that he received training with regard to the recognition of individuals impaired by drugs, which consisted of two days of lectures at the academy by various drug recognition experts, PowerPoint slides, and videos. Moreover, the officer had been involved in over 20 arrests involving driving while ability impaired by drugs; however, there was no testimony as to what his actual involvement was in those cases.
The People appeal from an order of the District Court (Andrew M. Engel, J.) dated February 19, 2020, granting defendant's motion to suppress evidence on the ground that defendant's arrest had been without probable cause. The People subsequently moved for leave to reargue their opposition to defendant's motion. The People also appeal from so much of an order of the District Court dated May 12, 2020, as, upon reargument, adhered to its prior determination.
At a suppression hearing, it is the People's burden to come forward with evidence establishing, in the first instance, that the challenged conduct was legal (see People v Berrios, 28 NY2d 361, 367 [1971]; People v Malinsky, 15 NY2d 86, 91 n 2 [1965]; People v Abdul-Mateen, 126 AD3d 986, 987 [2015]). For purposes of Vehicle and Traffic Law § 1192 (4), the People were required to prove that there was probable cause for defendant's arrest, which requires the People to show that when defendant was arrested, it was more probable than not that he exhibited "actual[ ] impair[ment], to any extent, [of] the physical and mental abilities which [a person] is expected to possess in order to operate a vehicle as a reasonable and prudent driver" {**72 Misc 3d at 8}(People v Cruz, 48 NY2d 419, 427 [1979]), and that the impairment resulted from the ingestion of a drug listed in Public Health Law § 3306 (see Vehicle and Traffic Law § 114-a; People v Koszko, 57 Misc 3d 47 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]). "The assessment of whether there was probable cause for the arrest of an individual is to be made . . . upon consideration of all the relevant objective facts known to the officer; the subjective beliefs of the officer do not control the determination" (People v Cooper, 38 AD3d 678, 679 [2007]; see People v Robinson, 97 NY2d 341, 349 [2001], citing Whren v United States, 517 US 806, 813 [1996]).
Here, we find that defendant's appearance and performance on the SFSTs established an impairment of the cognitive and physical functioning necessary for reasonable and prudent operation of a motor vehicle. However, the arresting officer's "training" with regards to impairment by drugs merely involved two days of lectures, PowerPoint slides, and videos. There was no testimony that any of the officer's training involved determining what drug or class of drugs was causing the impairment. While the arresting officer testified that he believed that defendant was impaired by a central nervous system (CNS) depressant, the People failed to elaborate or make any connection between that belief and this officer's training and experience. Moreover, the arresting officer admitted that he was told during his training that there are drugs, other than CNS depressants, that may mimic the signs of a CNS depressant and that, at the time of defendant's arrest, he did not know what medications defendant was taking. The fact that defendant was admittedly driving home from a funeral, lost control of his vehicle and rolled over could just as easily explain his poor performance on the SFSTs as the officer's assumption that it [*3]was caused by a drug-related impairment. A "[m]ere 'hunch' or 'gut reaction' will not do" (People v Sobotker, 43 NY2d 559, 564 [1978]). Thus, under the particular facts herein, we find that the arresting officer failed to establish that he had sufficient training and experience in the recognition of individuals impaired by drugs.
Notably absent from the suppression hearing was evidence of a pre-arrest admission that defendant had ingested a drug listed under Public Health Law § 3306 (see People v Jacob, 81 AD3d 977, 978 [2011]; People v Dimiceli, 27 Misc 3d 84, 85 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]), physical evidence of drug use, such as actual possession of drugs or associated{**72 Misc 3d at 9} paraphernalia (see People v Bohacek, 95 AD3d 1592, 1594 [2012]; People v Shapiro, 141 AD2d 577, 578 [1988]), or testimony by a sufficiently trained observer as to the association between consumption of a drug listed in Public Health Law § 3306 and the physical manifestations of same (see People v Crandall, 255 AD2d 617, 618 [1998]; People v Shapiro, 141 AD2d at 578; People v Davis, 23 Misc 3d 30, 32 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]; cf. People v Fleck, 167 AD3d 771, 772 [2018] [holding that the arresting officer had probable cause to arrest the defendant for operating a motor vehicle while under the influence of drugs "based upon his observations of the defendant as well as his training and experience"]). "While evidence obtained subsequent to the arrest may well have established the requisite quantum of proof, based on the record before us, the officer arrested defendant prematurely on reasonable suspicion which had not ripened to probable cause" (People v Koszko, 57 Misc 3d at 51).
Accordingly, the order dated May 12, 2020, insofar as appealed from, is affirmed.
Ruderman, P.J., Garguilo and Driscoll, JJ., concur.