■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KESTON BROWN, Appellant. [994 NYS2d 344]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered January 10, 2011, convicting defendant, after a jury trial, of manslaughter in the second degree, assault in the second degree, and operating a motor vehicle while under the influence of alcohol, and sentencing him to concurrent terms of 5 to 15 years, seven years, and one year, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the

jury's credibility determinations. Contrary to defendant's argument, the evidence showed that he acted recklessly (*see People v Asaro*, 21 NY3d 677 [2013]; *People v Sands*, 159 AD2d 984 [4th Dept 1990]). Among other things, the evidence supported reasonable inferences that defendant drove a van with knowledge of its extremely defective steering mechanism, that he drove it after consuming a large amount of alcohol and becoming highly intoxicated, and that after he lost control of the van due to its faulty steering he accelerated rather than braking as the van went onto a busy sidewalk, killing one pedestrian and injuring another.

The court properly exercised its discretion in denying defendant's challenge for cause to a prospective juror who noted that her grandfather had been fatally struck by a bus, which did not "cast serious doubt" on her ability to be impartial (*People v Arnold*, 96 NY2d 358, 363 [2001]; *see People v Howze*, 57 AD3d 220 [1st Dept 2008], *lv denied* 12 NY3d 758 [2009]). Moreover, she unequivocally assured the court that she would be able to "objective and compartmentalized," and would consider this case solely based on the evidence (*see People v Lucas*, 297 AD2d 568 [1st Dept 2002], *lv denied* 99 NY2d 560 [2002]).

We perceive no basis for reducing the sentence. Concur—Gonzalez, P.J., Mazzarelli, Andrias, DeGrasse and Clark, JJ.